# FORMAN LUMBER COMPANY
## v.
## OLIVER RAGSDALE ET AL.

1. · PRACTICE—AWARD OF ARBITRATORS.—The proceeding in cases of submission to an award of arbitrators, is purely statutory and the provisions of the statute must be complied with in order to give the court jurisdiction to render judgment upon the award. Where it does not appear, from the order, when the award was filed, nor that notice was given, nor that defendant waived notice and entered an appearance, the court has no jurisdiction, and a judgment entered on such award is erroneous.

2. BILL OF EXCEPTIONS.—The objections dependent upon the submission and award, which not being preserved by bill of exceptions are not properly in the record, can not be considered.

ERROR to the County Court of Johnson county; the Hon. CHAS. N. DAMERON, Judge, presiding. Opinion filed April 13, 1883.

Mr. H. M. RIDENHOWER, for plaintiff in error; that the subject-matter of this submission was not such as is required by the statute and the judgment rendered on an award under such a submission is erroneous, cited Moody v. Nelson, 60 Ill. 229; Low v. Nolte, 15 Ill. 368; Cromwell v. March, Breese, 230.

A corporation can only act through its officers or by expressly delegating its powers to others: Hopkins v. Roseclare Lead Co. 72 Ill. 373; Bouton v. Supervisors, 84 Ill. 384; Kinzie v. Trustees, 2 Scam. 187.

An award of arbitrators must be certain to a common intent, capable of being understood and carried into specific execution without the aid of extraneous circumstances: Ingraham v. Whitmore, 75 Ill. 31; McDonald v. Bacon, 3 Scam. 431.

The award will be void unless it comprehends all the matters which are named in the submission: Tucker v. Page, 69 Ill. 179.

The concurrence of all the arbitrators is necessary to make

a valid award unless expressly otherwise provided in the submission: Moore's Civil Justice, § 992; Banister v. Read, 1 Gilm. 102.

Wall, J. The judgment in this case recites that the parties entered into a written stipulation submitting their controversy to the award of three persons, named, as arbitrators, and agreed that judgment should be entered upon the award.

The proceeding in such cases is purely statutory and the provisions of the statute must be complied with in order to give the court jurisdiction to render judgment upon the award.

The statute provides, Sec. 7, Ch. 10, that the party filing the award may, at the next term after such filing, by giving four days notice to the opposite party, if no legal exceptions are taken, have judgment on the award.

This applies as well to arbitrations under Sec. 16 as under Sec. 1.

It does not appear from the order when the award was filed, nor that notice was given, nor that the defendant waived notice and entered an appearance.

The court therefore had no jurisdiction and the judgment was erroneous.

Several other objections are urged by counsel, but they are chiefly if not wholly dependent upon the submission and award, which not being preserved by bill of exceptions, are not properly in the record, and the objections thereto can not therefore be considered. The judgment is reversed and the cause remanded.

Reversed and remanded.