## Chickering-Chase Brothers Co. v. William G. De Voll.

1. ARBITRATION—*Of a Suit Pending in Court.*—When a suit is pending, the court has no power to refer the matter in dispute to arbitrators, except in the manner pointed out by statute, and the arbitrators, to whom the matter is referred, can proceed only under the order of court as the statute directs.

2. Same—*Three Arbitrators Required.*—The statutes give no author-
ity to submit a matter in suit to less than three arbitrators.   One person
has no right to act, and an award made by him alone, is void.

**Memorandum.**—Assumpsit.  In the Circuit Court of Cook County;
on appeal from a justice of the peace; the Hon. EDWARD F. DUNNE,
Judge, presiding; judgment entered upon an award; appeal to this
court.  Heard at the October term, 1894.  Reversed and remanded.
Opinion filed December 6, 1894.

### APPELLANT'S BRIEF, W. J. LAVERY, ATTORNEY.

It is error for a court to enter judgment on an award
when it is brought to the notice of the court before such
judgment is entered that the arbitrator making such award
has a secret interest in favor of one of the contesting parties,
unless it be shown to the court that such secret interest was
known to the other contesting party, and he then consented
to go on with the arbitration.  Bash v. Christian, 77 Ind.
290; Ætna Ins. Co. v. Stevens, 48 Ill. 31; Pool v. Hennessey,
39 Ia. 192.

The statute, chapter 10, section 1, points out the man-
ner in which, and the number of arbitrators to whom any
suit pending may be referred.   The reference being a statu-
tory right, must in all respects comply with the require-
ments of the statute, and unless such reference and the
award made thereunder comply with the requirements of
the statute the court can not enter judgment thereon.   Low
et al. v. Nolte, 15 Ill. 368; Moody v. Nelson et al., 60 Ill.
229; Freeman Lumber Co. v. Ragsdale, 12 Ill. App. 441;
Martin v. Harvey, 12 Ill. App. 587; Bowes v. French, 2
Fairf. (Me.) 182; Monosiet v. Post, 4 Mass. 532.

Arbitrators must act together; each arbitrator must act
personally; if one refuses to act, the others can make no
valid award.   Russell on Arbitration, 222; Morse on Arbi-
tration, 151; Smith v. Smith, 28 Ill. 60.

Not only must the arbitrators personally act together,
but they must all sign the award; an arbitrator can not, in
any respect, delegate his authority.   Ætna Ins. Co. v. Ste-
vens, 48 Ill. 33.

The statute requires (see Section 3 of Chapter 10, R. S.)

that the arbitrators shall be sworn before proceeding to hear the matter in question; admittedly, as two of the arbitrators named were fictitious persons, this was not and could not be done in this case. The omission of such oath is such a fatal irregularity that the award will be set aside. R. S., Ill., Ch. 10, Sec. 1; Fassett v. Fassett, 41 Mo. 516; Combs v. Little, 4 N. J. Eq. 310.

The arbitrator undertook by said award to allow costs to himself. This he had no right to do under the reference, and attempt to do so is fatal to the award. Bond v. Fay, 1 Allen (Mass.) 212; Davidson v. Starin, 19 Wis. 261.

An award void under the statute can not be ratified. Wiles v. Peck, 26 N. Y. 42.

APPELLEE'S BRIEF, J. WARREN PEASE, ATTORNEY.

Defendant is estopped from alleging that award is not statutory, inasmuch as reference to arbitrators was by agreement.    Partridge v. Ryan, 134 Ill. 252.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

During a trial of this cause in the Circuit Court it was suggested that the action be referred to arbitrators to hear and determine on the right of the parties, and the case was referred to R. W. Cross, John Doe and Richard Roe.

After the arbitration was closed appellant moved against judgment on the award, setting out its grounds in the affidavit of William A. Dodge, its manager.

From this affidavit it appeared that John Doe and Richard Roe, two of the arbitrators, took no part in the arbitration, and that R. W. Cross signed his own name and the names "John Doe" and "Richard Roe" to the award. Appellee did not deny these statements.

Judgment upon the award having been entered, appellant prosecutes this appeal.

When a suit is pending the court has no power to refer the matters in dispute to arbitrators except in the manner pointed out by statute, and the three arbitrators to whom

the matter has been referred can only proceed under the order of the court, as the statute directs.

One can not alone sit and arbitrate or make an award, because the statute directs that the arbitrators shall hear and determine; that they shall appoint a time and place for hearing; that they may postpone such hearing from time to time, not extending beyond the next term of the court in which the suit is pending; that the arbitrators shall be sworn, etc.; that the award shall be drawn up in writing and signed by the arbitrators, or a majority of them. Chap. 10, R. S. See, also, Low et al. v. Nolte, 15 Ill. 368; Moody v. Nelson et al., 60 Ill. 229; Freeman Lumber Co. v. Ragsdale, 12 Ill. App. 441; Russell on Arbitration, 222; Morse on Arbitration, 151; Smith v. Smith, 28 Ill. 60.

November 27, 1893, the cause was submitted to arbitration; this was at the November term. December 9th, Cross, who alone acted, appointed December 9th as the day for hearing; he then commenced to hear, concluding his hearing February 7, 1894. Meanwhile the next, the December term of the Circuit Court had passed, and his hearing was concluded during the January term and filed at the February term of that court.

One arbitrator had no power either to alone hear or award.

If it be suggested that John Doe and Richard Roe are fictitious persons, a thing we can not know, the reply is that the statute gives no authority to submit a matter in suit to one person as an arbitrator.

The judgment of the Circuit Court is reversed and the cause remanded.