MINNEAPOLIS & ST. LOUIS RAILWAY CO. *et al. vs.* BARCLAY COOPER.

Argued Oct. 18, 1894.   Reversed Dec. 7, 1894.

No. 8753.

**An agreement to arbitrate held a common law submission.**

Assuming, without deciding, that submission to arbitration "by rule of court" still obtains in this state, *held,* that in this case there was only a common-law submission, revocable at any time before award made.

**Same—not a submission by rule of court.**

The mere fact that the controversies agreed to be submitted are the subject of a pending action will not make a submission one "by rule of court."

Appeal by claimant, Barclay Cooper, from a judgment of the District Court of Hennepin County, *Frederick Hooker, J.,* entered January 15, 1894, in proceedings instituted by the Minneapolis and St. Louis Railway Company to condemn land to widen its right of way through block twenty six (26) in the original plat of Minneapolis.

On January 3, 1891, the Minneapolis and St. Louis Railway Company and William H. Truesdale, receiver of its property, obtained leave and presented to the District Court of Hennepin County a petition for the appointment of three Commissioners to determine the compensation to be made to the owners for land in block twenty six (26) in the original plat of Minneapolis required by the railway company to widen its right of way between First street north and Second street.   The court appointed W. A. Barnes and two other disinterested men commissioners and on April 20, 1891, they made and filed their report and therein awarded to the claimant, Barclay Cooper, one of the owners, $12,500 as the value of his property taken and the damages to the residue.   He appealed from the award, but under stipulation received the money without prejudice to his rights.   When the appeal came on for trial April 18, 1892, in the District Court the parties stipulated in writing in open court, with the consent of the court, that it be referred to W. J. Hahn, G. W. Libby and A. G. Wilcox as arbitrators to determine, upon the evidence that should be offered,

the amount of damages the claimant Cooper is entitled to recover for the taking and injuriously affecting of his property, that the hearing commence on April 21, 1892, and continue from day to day until completed, that the decision of a majority of said arbitrators shall be final and binding upon the parties and that the railway company and Truesdale, its receiver shall pay to Cooper the sum awarded in full satisfaction of all damages resulting from the appropriation of his property for railroad purposes.

The arbitrators met and heard the evidence of the parties at great length and on August 19, 1892, notified the parties that they had agreed upon certain conclusions as to the admeasurement of damages and that a majority of them had agreed upon a sum to be awarded and requested the parties to each draft a report with a blank for the sum awarded and submit it for the consideration, amendment and signatures of the arbitrators. Cooper at once signed and served notice of revocation of his agreement to submit to arbitration. Notwithstanding this notice two of the arbitrators on August 31, 1892, made and delivered their award, assessing Cooper's damages at $6,255 and giving him certain sidetrack facilities, constructed by the Railroad Company at an expense of $8,000 for his accommodation pursuant to an agreement made October 9, 1891, between them.

On September 9, 1892, the Railway Company and receiver Truesdale gave notice to Cooper that they would apply to the District Court on a day named for judgment in the condemnation proceedings in accordance with the award and for an apportionment of the costs of the arbitration. Cooper opposed this application with numerous affidavits and the hearing was adjourned from time to time until May 29, 1893, when it was granted and judgment was ordered that Cooper repay to Truesdale $6,245 of the money he had received under the commissioners' award. The District Court on December 11, 1893, on motion granted an order amending its records and directing its clerk to enter an order as of April 18, 1892, that Cooper's appeal came on for trial on that day and, the parties consenting, it was referred to arbitrators and continuing the action pending the arbitration. Judgment was entered on the award January 15, 1894, and the claimant, Barclay Cooper, appeals.

*Benton, Roberts & Brown,* for appellant.

At any time before an award is made, the authority of the arbitrators may be revoked. Morse on Arbitration, 229; *Allen* v. *Watson,* 16 Johns. 205; *Aspinwall* v. *Tousey,* 2 Tyler, 342; *Tyson* v. *Robinson,* 3 Ired: 333; *Brown* v. *Leavitt,* 26 Me. 251; *Holdridge* v. *Stowell,* 39 Minn. 360; *Sidlinger* v. *Kerkow,* 82 Cal. 42; *Paulsen* v. *Manske,* 126 Ill. 80.

But the contention of the learned counsel for respondents is that this submission was made by rule of court, or by the court's consent, of a case pending in court, and that it therefore could not be revoked, except with consent of the court. The reports of cases in which arbitrations were had, show many conflicting decisions. We are confident, however, that those relied upon to support respondent's theory of this being a rule of court arbitration, have either arisen in states having express statutory provisions to support them or under express stipulations that the submission should be made a rule of court and that judgment be entered therein. The stipulation in the present case is in writing and agrees to no rule of court consequences. The court will not add to that contract. *Holdridge* v. *Stowell,* 39 Minn. 360; *Dexter* v. *Young,* 40 N. H. 130; *Sidlinger* v. *Kerkow,* 82 Cal. 42.

But at any time before the agreement is actually made a rule of court, it remains open to revocation. Morse on Arbitration, 232; *Frets* v. *Frets,* 1 Cow. 335; *Power* v. *Power,* 7 Watts, 205; *Leonard* v. *House,* 15 Ga. 473.

The mere fact of submission of a pending suit without agreement to that effect is not enough to make it a rule of court. *Fink* v. *Fink,* 8 Ia. 313; *Simpson* v. *McBee,* 3 Dev. (N. C.) 531.

The arbitrators clearly exceeded their authority. They were to determine a sum to be awarded Cooper. They have awarded that he have certain sidetrack facilities and repay $5,245. An award must follow the submission and a departure therefrom by the arbitrators, invalidates the award. *Butler* v. *Mayor,* 7 Hill, 329; *Cook* v. *Carpenter,* 34 Vt. 121; *Adams* v. *Adams,* 8 N. H. 82; *Lee* v. *Onstott,* 1 Ark. 206; *Stevens* v. *Gray,* 2 Harr. 347; *Gibson* v. *Powell,* 13 Miss. 712.

The arbitrators cannot vary or modify the precise question submitted to them and substitute another. Morse, Arbitration, 182; *Wyman* v. *Hammond*, 55 Me. 534.

*Albert E. Clarke* and *Wilbur F. Booth,* for respondents.

The case was pending in the District Court, the stipulation and order for arbitration were made in that court and entitled in the pending cause. The award of the arbitrators was entitled as a proceeding in that court and the notice of revocation served by claimant is entitled in the proceeding in that court, and every paper in this whole controversy is so entitled, and both parties have filed the various papers during the proceedings as part of the court records. Upon the hearing of the motion for judgment the court found and held that the proceeding had at all times been pending in the District Court of Hennepin county and that said court had at all times had jurisdiction thereof, and it ordered judgment entered therein pursuant to the award.

Any agreement made by parties with the approval of the court during a trial is a rule of court. In case of arbitration it is unnecessary to provide that the agreement be made a rule of court. It is implied from the fact of arbitration in a pending action. *McAdams' Ex'rs* v. *Stilwell*, 13 Pa. St. 90; Morse, Arbitration, 80.

It has been decided by this court that a submission to arbitration, though followed by an award, is not a discontinuance of the action, the subject matter of which is thus submitted. Whatever may be the rule in other jurisdictions, that is the rule here under our statute. *Hunsden* v. *Churchill*, 20 Minn. 408.

Where parties to a pending action have entered into a rule of court, submitting the action to arbitrators to be mutually chosen, neither party can rescind the rule or revoke the arbitration. Morse, Arbitration, 232; *Haskell* v. *Whitney*, 12 Mass. 47; *Cumberland* v. *North Yarmouth*, 4 Me. 459; *Ferris* v. *Munn*, 22 N. J. Law, 161; *Dexter* v. *Young*, 40 N. H. 130; *Masterson* v. *Kidwell*, 2 Cranch, C. C. 669; *Tyson* v. *Robinson*, 3 Ired. 333.

In a general submission, in which matters of law are not excepted, the arbitrators are sole judges of both law and fact and courts will not set aside an award for mistake of either. *Halstead* v. *Seaman,*

52 How. Pr. 415; *White Mountain R. Co.* v. *Beane,* 39 N. H. 107; *Smith* v. *Boston & M. Railroad,* 16 Gray, 521; *Bigelow* v. *Newell,* 10 Pick. 348; *Boston W. P. Co.* v. *Gray,* 6 Met. 131; *Morris Run Coal Co.* v. *Salt Co.,* 58 N. Y. 667; *Fudickar* v. *Guardian Mut. Life Ins. Co.,* 62 N. Y. 392.

MITCHELL, J.   However desirable for certain reasons it might be to sustain the judgment appealed from, it is impossible to do so consistently with well-settled legal principles.   It is not and could not be claimed that there was "a reference" of the issues in the action. It is conceded that the agreement of the parties was to submit the controversies which were the subject of the action to arbitration.

It is admitted that it was not a statutory submission, hence it must have been either a common-law submission or what was termed "a submission by rule of court."

Assuming, without deciding, that there is in this state such a thing as a submission to arbitration by rule of court, the facts fall far short of making out any such submission in this case.   It was not made by "rule of court" or "judge's order," neither did the deed of the parties contain any agreement that it might be made a rule of court.   The mere fact that the controversies agreed to be submitted were the subject of a pending action would not make it a submission by rule of court.   2 Tidd, Pr. 819 et seq.

The decisions in Pennsylvania cited to the contrary are based on the "compulsory act" of 1705, and hence are not in point.   The judge's private memorandum on his calendar amounted to nothing. All the acts of the parties amounted to was a common-law submission to arbitration, which was revocable at any time before award made.   It appears that Cooper did revoke it before award made; and no subsequent order of the court, although assumed to be made *nunc pro tunc,* could affect the prior revocation.

Judgment reversed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 143.)