## McGHEEHEN v. DUFFIELD.

A submission to a final reference in consideration of a discontinuance of proceedings in chancery for an account, is irrevocable.

A reference of the award, by consent of all parties, to permit the correction of a mistake, and a new award, is a continuance of the former proceeding, and not a new submission.

IN error from the Common Pleas of Franklin.

*June* 11. The defendant in error sealed an agreement with the defendants below, whereby all matters at variance between the parties in an amicable action of account render, were referred to J. Brady, Esq., "whose decision shall be final without the right of appeal by either party, and whatever sum is reported due shall be entered as a judgment of the court by the prothonotaries, against the party from whom it is found due." In the submission it was also agreed the books of the firm should be placed in the hands of Armstrong, who should proceed to collect the debts and pay one-third to each of the parties concerned. The arbitrator having filed his report in vacation, at the next term applied to the court for leave to correct the errors by him committed. By consent of both parties, the whole matter was referred back and reheard. On the day the final or corrected award was made, but before it was filed, the authority of the arbitrator to decide, and of the prothonotary to enter judgment, were revoked by the defendants by written notices. This report was for a smaller sum than the former, and judgment was thereupon entered by the prothonotary against the defendants. They then filed exceptions: 1 and 2. Because the authority of the arbitrator and prothonotary had been revoked; the others were to the merits, and that the award had not been approved by the court.

BLACK, P. J., in delivering the opinion of the court, said, there had been a bill filed by the present plaintiff against the defendants, for an account of partnership transactions; that after answer and

interlocutory orders, it had been agreed to enter this action and make this reference; and there being no evidence of error on the face of the report, *or otherwise*, the court refused to set aside the judgment.

1. The errors assigned were in entering judgment, and not setting aside the award. 2. In rejecting the evidence, and refusing to examine the merits.

*J. Chambers*, for plaintiff in error.—The court erred, because there was no reference of a pending suit, nor any rule of court made, nor any agreement for one. The reference was revocable, and the court should have examined the exceptions and evidence, or there is a denial of justice. When the first report was discovered to be erroneous, there was no power to refer back but by consent; 4 Watts, 65; 3 Watts & Serg. 37, 382; and there being such consent, it amounted to a new submission, and was of course revocable. This right is settled, even though there be an agreement not to revoke; 7 Watts, 213; 2 Chit. Prac. 79, 80, 86, 87—102; 2 Tidd, 823; 3 Watts & Serg. 560. The cases in 8 Wheat. 174, and 4 Watts & Serg. 205, relied on below, differ materially. The former was like a bond with warrant of attorney; in the latter, the original agreement provided an arbitrator by name. The remedy here was on the submission; 8 Rep. 80; 16 Johns. 209; unless there be a clear agreement to make it a rule of court; 2 Miles, 169; 1 Watts & Serg. 258; 5 Watts & Serg. 562. At all events, supposing it was like a submission under a rule of court, the court were bound to examine the alleged errors; 2 Penna. Rep. 490; 5 Serg. & Rawle, 52; 3 Barr, 456.

*Bard* and *Smith*, contrà.—A naked submission may be revoked, but this was a binding contract; 4 Watts & Serg. 205; 8 Wheat. 201; Farrington *v.* Hamblin, 12 Wend. 213. It was a reference in a suit pending, and the costs of the former and present proceeding were a consideration. Such an authority is not revocable; Okieson *v.* Flickinger, 1 Watts & Serg. 257; 1 Binn. 42; 1 Dallas, 430; 4 Dallas, 222. The judgment entered by the prothonotary is proper, and similar ones have been sustained; 13 Serg. & Rawle, 196; 8 Serg. & Rawle, 567; 17 Johns. 461. Under no circumstances can the authority be revoked after award, and the subsequent matters were merely by consent of parties to correct a mistake to avoid injustice.

This court gives a liberal construction to the act of Assembly, and it is not essential to stipulate in terms for a rule of court;

1 Watts & Serg. 257 ; Kimmel *v.* Shank, 1 Serg. & Rawle, 24; Large *v.* Passmore, 5 Serg. & Rawle, 51; Massey *v.* Thomas, 6 Binn. 333; 8 Serg. & Rawle, 9; Bemus *v.* Quiggel, 7 Watts, 362.

*June* 21. COULTER, J.—The decree of the court below is affirmed. There can be no doubt or question about the right of a party to a submission to revoke it before it is consummated. It has been assimilated by the courts to the case of any other power which is naked and without consideration; whether upon sufficient grounds of policy or similarity, it is not for me to question. The court take the law as they find it. But in the case at bar, it was not a naked power or submission. It assumed the form of a contract upon sufficient consideration, and was therefore beyond the dominion of either party, after its execution. Its rescission required the consent of both; Hunt *v.* Rousmanier, 8 Wheat. 174 ; Monongahela Navigation Co. *v.* Fenlon, 4 Watts & Serg. 205.

In the case in hand, the plaintiff had instituted proceedings in chancery to compel a settlement of partnership accounts which had been for some time procrastinated, but as they approached a close, he agreed to discontinue the proceedings, which of course subjected him to the costs, and with the defendants agreed to enter into an amicable action of account render, and submit the matters in controversy to an umpire named, whose decision was to be final and conclusive without appeal, and judgment to be entered by the prothonotary.

It is quite apparent that the plaintiff was induced to agree to discontinue his proceedings in chancery by the substitution of this amicable action, and that he never would have entered into the agreement if he had not believed the substituted proceedings were to be final and binding mutually. There are other matters in the agreement which give it the indelible marks of a mutual contract on sufficient consideration; such as that the books of the firm should be deposited with Samuel Armstrong, Esq., who was to proceed and collect the claims due the firm, and pay over the money, one-third to each of the parties.

The agreement to discontinue the chancery proceedings, the stipulation in regard to the books, and the payment of the money collected, to each partner his share, were all parts and parcels of the agreement, which contributed to render the whole irrevocable by either party alone. Something was said on the argument about no actual discontinuance of the proceedings in chancery, and an

offer by the respondents to reinstate them. But time flies; what is lost in that respect cannot be regained. The plaintiff has been delayed, which of itself would be a sufficient consideration; besides, he has a right to one-third of the money collected by Armstrong, and to insist that it shall all be collected by him; and the other two partners have their mutual and corresponding rights under the agreement. In addition to this, the umpire had heard the parties and made his award before the defendants act of revocation. They were too late, as a submission cannot be revoked after award; Kyd on Awards. The umpire produced his award in court, after full hearing of the parties, and stated that he had made some mistakes which he wished to correct. The court declined to send it back without the consent of the parties, whereupon the parties agreed, and after that the defendants gave notice to the umpire and plaintiff that the submission was revoked. The error which the umpire wished to correct was against the defendant. This remittitur of the award to the umpire was the act of the parties, but was not a new submission. It gave the defendant no more power over the matter than he had before that act, because it was a mere continuance of the original agreement, or rather a consent that under that agreement the error might be corrected. It cannot fairly be received in any other light. The act of revocation, therefore, by the defendants, was a nullity, and it was not error in the umpire to correct his mistake under the consent given, nor did the court err in entering judgment on the award.

This determination of the main question disposes of all the others raised by the defendants, which are merely subsidiary.

Judgment affirmed.