## Maxton *versus* Gheen *et al.*

1. A transaction in stocks by way of margin, settlement of differences and payment of gain or loss, without intending to deliver the stocks, is a mere wager.

2. Where there was a contract to buy and sell stocks which were delivered and the contract carried into execution, it was not illegal.

January 21st 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Chester county*: Of July Term 1873, No. 151.

[Maxton v. Gheen.]

This was an action of assumpsit brought December 16th 1873, by Francis H. Gheen and William H. Morgan, trading as Gheen & Morgan, against Lewis Maxton.

The plaintiffs were stock-brokers in West Chester, Pennsylvania, and had been employed by the defendant to purchase and sell stocks for him; at the conclusion of their transactions the plaintiffs alleged that the defendant owed them a balance of $322.04, for which they brought this suit; the defence was that the transaction was a gambling in stocks, and therefore, being illegal, the plaintiffs could not recover.

The case was tried May 9th 1873, before Butler, P. J.

Morgan, one of the plaintiffs, testified as to a number of purchases and sales for the defendant by his order; of payments of cash by him, and the amount of the commissions charged by them he further testified (referring to the entries in their book as he proceeded):—

"Defendant generally gave the order in person; the first order was to sell stock; the stock was delivered at the end of the sixty days by our brokers, De Haven & Brother; he had not the stock on hand at the time, but we did not know it; at the end of the sixty days he directed us to buy 200 shares of stock and deliver on the sale he had made, and we did so. The sale had been made to Hilburn & Jones, April 17th; the 100 shares were sold to Fisher & Brother, at sixty days; at the end of sixty days, it was delivered by De Haven & Brother; he directed us to buy it in, and we did so. June 6th, on that day sold 200 shares to Fell & Brother, seller sixty; at the end of the time we bought that in at the board; De Haven & Co. bought that for us August 4th; our advice does not tell who that was sold to; we had advice from our Philadelphia broker that the stock was sold; at the end of the time that was bought at the request of Mr. Maxton and delivered. On June 16th, the 100 shares were sold to C. T. Yerkes & Co.; were delivered at the end of the sixty days; they were bought in upon the order of Lewis Maxton. Did not buy of Yerkes & Co. as we know of; we ordered it bought at the board; we do not know where we bought the stock. August 17th, that is on the same footing as the other; we were not advised who to; that was bought in at the same direction and delivered in the same way; we advised Mr. Maxton of these transactions when they occurred, sometimes by mail, sometimes in person; we sent all the orders to Philadelphia to be executed, and generally by telegraph; in every instance the stock was delivered; his losses were more than the balance; his credits as cash indicate what he paid us; I cannot tell whether he ever ordered us to purchase when he did not have the money in our hands."

Being cross-examined, he said: "These transactions are what are known as selling stock short. I did not know he had not the

[Maxton *v.* Gheen.]

stock until he ordered us to buy at the end of the time, to fill the order, nor at the time of the second sale; I did not know in either case that he had not the stock. He had been dealing in stock before in Reading; that is, bought it and I think held it awhile at one time; we had furnished him several different investments. The first credit was a balance from the preceding year; I considered this a margin—the cash in hand. When we sell stock short, we require from two to ten dollars per share as a margin, unless the party leaves the stock with us; we require this margin whether the seller owns the stock or not, if it is not left with us to cover our responsibility to the purchaser; after the second sale I knew he was selling short."

Being re-examined, he said : " The balance, our claim, is for money advanced and one-half the commissions, which we have paid to our correspondents, brokers in the city, De Haven & Bro."

The defendant requested the court to charge the jury that the plaintiff cannot recover on the evidence.

The court reserved the point, and submitted the case to the jury on the evidence. They found a verdict for the plaintiffs for $342.34.

The court afterwards entered judgment for the plaintiffs on the verdict on the point reserved.

The defendant took a writ of error, and assigned for error the refusal to affirm his point.

*J. F. Perdue,* for plaintiffs in error.—This transaction was selling stock "short," and is one prohibited by the common law of Pennsylvania : Pritchett *v.* Insurance Company of North America, 3 Yeates 458; Edgell *v.* McLaughlin, 6 Wharton 178. This is a wagering contract, and cannot be enforced in this Commonwealth : Brua's Appeal, 5 P. F. Smith 294; Smith *v.* Bouvier, 20 Id. 325; Kirkpatrick *v.* Bonsall, 22 Id. 155.

*G. F. Smith,* for defendants in error, was stopped by the court.

The opinion of the court was delivered, January 26th 1874, by

AGNEW, C. J.—This was not a transaction in stocks by way of margin, settlement of differences, and payment of the gain or loss, without any intention to deliver the stocks. Such transactions are mere wagers. But here the stock was in every instance actually sold and delivered, and the transaction carried into final execution. The plaintiffs, who were the brokers of the defendant, were not even aware that he was selling "short" until the term of credit was expiring, and he bought to fill his sales. It will not do to say, because there is so much gambling in stocks, that every sale "short" as it is termed, is *ipso facto* a wager. It is evidence, it is true, but there must be other facts to characterize the transaction, and to show the actual intent of the parties was to wager merely upon the prospective price.          Judgment affirmed.