## Williams et al. *versus* Tracey & Co.

An attorney, in the absence of his client and witnesses when his case was called for trial, agreed in open court to a reference to arbitrators. Prior to the meeting of the arbitrators a rule was taken upon plaintiffs to show cause why the agreement to refer should not be set aside, and the submission stricken off, and after hearing the court discharged the rule: *Held*, not to be error. The client having obtained the benefit of the delay could not repudiate the act of his attorney and deny his authority. He received a consideration for the submission, which made it irrevocable.

October 5th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term 1880, No. 137.

Plaintiffs brought an action of trespass before a justice of the peace against Williams and others, owners of a steamboat, for alleged damage to plaintiffs' flats, which were moored at Sewickley in the Ohio river. Defendants appealed from the judgment of the

[Williams v. Tracey.]

justice, and while they were temporarily at New Orleans, being engaged in the coal trade, the case was called for trial in court. The attorney for defendants objected to the case being put on the weekly list, and when the case was reached during the week, defendants' counsel being without witnesses agreed to a reference. Upon the return of defendants they immediately objected to the reference, and a rule was granted by the court to show cause why "the agreement of reference should not be set aside and the submission stricken off." This rule was taken and notice thereof given to the parties before any meeting of the arbitrators was held. Before the rule to show cause was argued the arbitrators met and made their award, the defendants not appearing.

Upon the refusal of the court to set aside the reference, plaintiffs' attorney filed the award. Thereupon defendants' attorney asked for a rule to show cause why the award filed should not be set aside. The reasons in support of this rule were not deemed sufficient by the court to cause it to set aside the award, and this rule was also discharged.

The defendants then took this writ, alleging that the court·erred in not setting aside the agreement of counsel to arbitrate and in not setting aside the award of arbitrators.

*D. D. Bruce* and *K. McIntosh*, for plaintiffs in error.— While this court has held that an attorney at law has power to refer his client's case without special authority therefor (Wilson *v.* Young, 9 Barr 101), yet it has also as distinctly held that the client can either revoke the submission or ask the court to set aside the reference : Millar *v.* Criswell, 3 Barr 449. The plaintiffs in error pursued the remedy pointed out by this court in Bingham's Trustees *v.* Guthrie, 7 Harris 419, and cases therein cited, yet the court refused to set aside the reference and denied them the right of trial by jury. The application to set aside the reference was in time.

The award of arbitrators should have been set aside for the reasons that the rule to show cause was granted.

*Whitesell & Son* and *McCreery & Erskine*, for defendants in error.—After an agreement for a submission has been executed, neither party can revoke it: Shisler *v.* Keavy, 25 P. F. Smith 79 ; Rogers et al. *v.* Playford, 2 Jones 181 ; McCahan *v.* Reamey, 9 Casey 535 ; Rust *v.* Caldwell, 25 P. F. Smith 165 ; Wilson *v.* Brown, 1 Norris 437. Every presumption will be made in favor of an award when it is in pursuance of a submission made by the parties themselves. In this case, the reference was not only made and agreed to in open court, but a written agreement was entered into. The defendants and their attorneys had due and timely notice as well as the arbitrators, and if the defendants and

[Williams *v.* Tracey.]

their attorney did not attend the three meetings, it is their own misfortune.

Mr. Justice PAXSON delivered the opinion of the court, October 25th 1880.

This record presents the single question whether the court below was right in refusing to set aside the award of arbitrators. The cause was referred by agreement of counsel in open court. The power of an attorney to refer his client's cause is settled: *Wilson v.* Young, 9 Barr 101. If dissatisfied, the client can revoke the submission or ask the court to set aside the 'reference before it has been executed: Miller *v.* Criswell, 3 Barr 449 ; Bingham's Trustees *v.* Guthrie, 7 Harris 418. It appears from the record that the rule to show cause why the agreement of reference should not be set aside and the submission stricken off was taken prior to the meeting of the arbitrators. It was, therefore, in time, and had the defendant below been in a position to ask the court to strike off the submission, such order would probably have been made. This, however, the court declined to do, and discharged the rule. We cannot say this was error. While the right of a party to revoke a submission, whether entered into by counsel or by himself, is conceded, the record shows the defendant obtained an advantage by the agreement of his counsel. The cause was called for trial in the court below in the absence of defendant and his witnesses, whereupon defendant's counsel, to avoid a judgment against his client, agreed to refer the case and thus took it out of court. Having obtained the benefit of the delay, it does not lie in the mouth of the defendant to repudiate the act of his attorney and deny his authority. He received a consideration for the submission which made it irrevocable.

Judgment affirmed.

GORDON, J., dissented.