Amandus Zehner and Jacob Zehner, Administrators of the Estate of David Zehner, deceased, Appellants, *v.* Lehigh Coal and Navigation Company.

*Evidence—Depositions—Practice, C. P.*

A deposition taken by a stenographer in shorthand must be fully written out in longhand, read by or to the witness, assented to and signed by him. These requirements or their full equivalent are essential, and cannot be dispensed with. Unless complied with the court will not receive or consider the deposition.

*Arbitration— Revocation of arbitration—Consideration — Rule of court.*

Where an agreement to arbitrate partakes of the nature of a contract whereby important rights are gained and lost reciprocally, and the submission is the moving consideration to these acts, the agreement is irrevocable.

By an agreement to arbitrate, title to land was admitted to be in the plaintiff, together with certain water privileges. Damages were admitted to be due and owing, and the agreement provided simply for their assessment. There was some delay incident to the reference. *Held*, that the agreement to arbitrate could not be revoked by the defendant.

An agreement to arbitrate when made a rule of court is irrevocable.

Where an agreement to arbitrate is in a pending action, it is treated as under a rule of court, and it is unnecessary to so stipulate in the agreement.

Argued Feb. 16, 1898. Appeal, No. 401, Jan. T., 1897, by plaintiffs, from order of C. P. Schuylkill Co., Jan. T., 1890, No. 143, making absolute a rule to strike off award of arbitrators. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reversed.

Rule to strike off agreement of submission, award of arbitrators and judgment entered upon the award. Before KOCH, J.

The court below made the rule absolute.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) the order of the court making absolute the rule; (2) in not considering the depositions filed ex parte plaintiff, on the ground that there was no jurat.

*D. W. Kaercher* and *W. F. Shepherd*, for appellant.—The depositions should have been considered: Moulson v. Hargrave, 1 S. & R. 201; Morrs v. Palmer, 15 Pa. 56; Nussear v. Arnold, 13 S. & R. 323; Scott v. Horn, 9 Pa. 409; Winton v. Little, 94 Pa. 73; Smith v. Cokefair, 1 Pa. C. C. R. 48.

Rules of reference should not lightly be struck off after a party has felt the pulse of the referee at a meeting: Ruston v. Dunwoody, 1 Binn. 42; Robinson v. Bickley, 30 Pa. 384.

The parties having chosen a tribunal recognized by law to settle their disputes, which they had a clear right to do, the law will hold them to it and to their agreements in regard to the finality of the decision: Wynn v. Bellas, 34 Pa. 163.

The agreement of submission was made in a case pending, and one of the express terms of the agreement was that "it should be made a rule of court." It has been held by the Supreme Court of this state and by the higher courts of many other states that where the submission has been a rule of court, it is not revocable at the will of the parties: Haskell v. Whitney, 12 Mass. 47; Cumberland v. North Yarmouth, 4 Me. 459; Ferris v. Munn, 22 N. J. L. 161; Freeborn v. Denman, 8 N. J. L. 116; Horn v. Roberts, 1 Ash. 45; Pollock v. Hall, 4 Dall. 222; Oxley v. Oldden, 1 Dallas, 430; Ruston v. Dunwoody, 1 Binn. 42; Paist v. Caldwell, 75 Pa. 166; Larkin v. Robbins, 2 Wendell, 505; Wells v. Lane, 15 Wendell, 99; Smith v. Barse, 2 Hill, 387; Jordan v. Hyatt, 3 Barber, 275; McGheehen v. Duffield, 5 Pa. 500; Thompson v. White, 4 S. & R. 135; Wilcox v. Payne, 88 Pa. 154; Oppenhiemer v. Comly, 3 S. & R. 3; Thompson v. Furness, 17 Phila. 581; McKenna v. Lyle, 155 Pa. 607.

*Samuel Dickson*, with him *F. G. Farquhar* and *John W. Ryon*, for appellee.—The authorities cited by appellants' counsel in support of the proposition that depositions need not be signed by the witnesses will be found on inspection to be all cases where depositions were taken and returned by one or more commissioners appointed by the court especially for the case and purpose: Winton v. Little, 94 Pa. 64.

A submission, whether by deed, parole or rule of court, like any other naked authority, is countermandable before the execution of it, though expressed to be irrevocable : Power v. Power, 7 Watts, 205 ; Lewis's App., 91 Pa. 359 ; Williams v. Tracey, 95 Pa. 308 ; Buckwalter v. Russell, 119 Pa. 495 ; McKenna v. Lyle, 155 Pa. 599 ; Wood v. Finn, 1 Clark, 396 ; Johnson v. Andress, 5 Phila. 8 ; Lance v. Lumber Co., 3 Pa. C. C. Rep. 142 ; Offerman v. Packer, 26 Legal Int. 205 ; Farel v. Roberts, 11 Pa. C. C. R. 58 ; Huston v. Clark, 9 W. N. C. 316.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898 :

This action of trespass was brought by the appellants' intestate in December, 1889. Nine days thereafter service of the writ was accepted, and nothing further was done until the following agreement was signed by counsel for the respective parties:

" And now, August 26, 1896, we, the said David Zehner and Lehigh Coal and Navigation Company, under the provisions of the act of June 16, 1836, by reason of the damage done by the deposit of coal dirt in the Little Schuylkill river by the defendant above named, thereby depriving said plaintiff (the said plaintiff being seized and possessed of a tract of land bordering on the Little Schuylkill river, on which is erected a saw mill and grist mill)of the benefit and advantage of the water of the said river, he having the right to have and enjoy the same for the operations of the said saw mill and grist mill, do hereby agree to submit the question of damage done to the said property, saw mill and grist mill of the plaintiff by the coal dirt deposited as aforesaid by the said defendant, to voluntary arbitration, each party to choose one arbitrator, and the two so chosen to choose the third, and furthermore we agree that our submission to such award shall be made a rule of and in said court, and hereby respectively bind ourselves to submit and be finally concluded by the award of said arbitrators or a majority of them ; the said plaintiff hereby names Edwin Schlichter as his arbitrator, the defendant hereby names Daniel Shepp as its arbitrator, and the two so chosen having named the third arbitrator, the meeting is to be held on the premises of the said plaintiff at a time to be fixed by said arbitrators, of which time ten days' notice is to be given to counsel for the respective parties."

Under this reference the arbitrators heard the evidence on both sides and arguments of counsel, but before their award was filed defendant gave notice of revocation of the submission, June 11, 1897. Three days thereafter the arbitrators filed their award, signed by a majority of their number, finding in favor of the plaintiff the sum of $18,000, and judgment was entered thereon. The defendant moved to strike off the submission, award and judgment.

On motion, ex parte depositions of the arbitrators were taken by the plaintiff to show that, at the time the notice of revocation was served, the award had been substantially agreed upon. As at first filed these depositions continued a certificate to the effect that "the foregoing is a true and correct transcript of my stenographic notes taken at the time and place set out in the captions." Subsequently the court permitted an affidavit by the officer to be filed in which it was asserted "that the said depositions were taken by deponent in his official capacity as a 'notary public' and that the parties whose depositions were taken had been first duly sworn by said deponent on a certain day, etc., but no jurat was appended to the depositions, nor were they signed by the witnesses."

On the hearing of the rule to strike off, etc., the court declined to receive or consider the depositions, but afterwards struck off the submission, award and judgment, on the ground that they were invalidated by the revocation. These two acts of the court are the subjects of complaint in the specifications of error.

In the manifestly defective form in which the depositions were presented the learned court was clearly right in rejecting them. It ought to be obvious to any one that depositions taken by a stenographer in shorthand must be fully written out in longhand, read by or to the witness, assented to and signed by him. These requirements or their full equivalents are essential and cannot be dispensed with. The so-called depositions offered in this case were wanting in nearly all of these essential particulars. Such a practice is exceedingly vicious and dangerous, and cannot be too severely condemned. It is true the depositions, so-called, were written out in longhand, but until they were scrutinized and assented to by the witnesses there could be no assurance that they were correct.

The other question is not wholly free from difficulty. The authorities on the subject are not entirely harmonious, and must be carefully read. Starting with the proposition, grounded on general principles, that a submission, like any other naked authority, is countermandable before execution, although expressed to be irrevocable, the appellants contend for at least two exceptions to the general rule : (1) If the submission is upon a consideration it is no longer revocable, and (2) if the submission be made a rule of court it is irrevocable.

The first cannot properly be called an exception to the rule applicable to a naked authority, because, as soon as a consideration passes, the agreement is no longer nudum pactum. The appellee assents to this, but claims that the submission in question is without consideration and, therefore, a naked authority, and revocable at any time before it is executed.

In Paist v. Caldwell, 75 Pa. 166, it is said : " Where the agreement partakes of the nature of a contract whereby important rights are gained and lost reciprocally, and the submission is the moving consideration of these acts, a different rule prevails. Such agreements are compromises, and should be faithfully adhered to, unless there has has been fraud or corruption or gross misbehavior by the referees." See also McKenna v. Lyle, 155 Pa. 599. The case at bar appears to belong to this class. The defendant, by the agreement, has made concessions which are of value to the plaintiff. In the first place, title to the land is admitted to be in the plaintiff, together with the water privileges. In the next place, damages are admitted to be due and owing, and the agreement provides simply for their assessment. These are considerations moving from defendant to plaintiff. They are compromises to the extent to which they concede what must otherwise be proved. Their value cannot well be estimated owing to the exigencies that may arise on a trial. They are plainly sufficient to constitute a valuable consideration. The same may be said of the delay incident to a reference. It is not apparent how the value of this concession is minimized, as suggested in appellee's argument, by the fact that there was great delay prior to the reference. The very opposite conclusion should be drawn. In Williams v. Tracey, 95 Pa. 308, 310, Mr. Justice PAXSON said : " Having obtained the benefit of the delay, it did not lie in the mouth of the

defendant to repudiate the act of his attorney and deny his authority. He received a consideration for the submission which made it irrevocable." To the same effect is McGheehen v. Duffield, 5 Pa. 497. Another reason why the submission in question should be held to be irrevocable is that it was made a rule of court. In 2 Am. & Eng. Ency. of Law (2d ed.), 597, the principle is stated thus : " After a submission has been made a rule of court it cannot be revoked; any attempt to do so is a contempt. Such a submission cannot be revoked, even by the consent of the parties, without the sanction of the court by its order." Several American cases, among which are some of our own, are cited as authority for the text. The only cases cited in opposition thereto are an English case (Vynior's Case, 8 Rep. 80) and our own case of Power v. Power, 7 Watts, 205, 213. Too much importance should not be attached to this last case. The distinguished Chief Justice who wrote the opinion was reviewing general principles, and the one now under consideration was not involved in the case. The submission in that case was revoked by death. The only authority cited is an English case. No notice is taken of the Pennsylvania cases —including Horn v. Roberts, 1 Ashm. 45, Pollock v. Hall, 4 Dal. 222, and Ruston v. Dunwoody, 1 Binn. 42—which indicate a contrary doctrine. It is true, the general statement of the rule in Power v. Power had been repeatedly quoted in its entirety in our cases, but it gains no force from that fact, because the point, whether or not a submission under a rule of court is revocable, is not involved in any of them. A consideration of the reasons for the difference between the English and the American rule will furnish the solution.

Under the English practice, submissions were of three kinds : (1) By agreement in writing or by parol; (2) by an order at nisi prius on agreement of the parties in a pending case, and (3) under the statute 9 and 10 William 3, c. 15, sec. 1, when the submission is made a rule of court although no cause is pending. In this state a method of voluntary arbitration is provided by the acts of 1705 and 1836, wherein the report or award shall have the effect of a jury's verdict. In other states similar enactments are in force.

In England, notwithstanding the rule purports to be an order of court whereby the matters in dispute are referred to the

final determination of the arbitrators, yet the authority of the arbitrators is regarded as derived from the submission of the parties, and not under the order of court. So firmly is this held that no reference of a cause pending shall operate to stay the proceeding in court, unless it be expressed in the rule that the parties have agreed that all proceedings in the action shall be stayed in the mean time. And when an award is duly made under a reference, by rule of court, and is returned to the court, no judgment is rendered thereon as upon a matter ascertained through the agency of the court. Anciently the successful party was left to his action to enforce performance of the award, and even now, although the court may grant an attachment for contempt, because of the nonperformance of the award, it is a matter of pure discretion to grant such attachment or not, and in many cases it is accordingly refused. It thus appears that the English practice is materially different from ours. While with us the consent of the parties is essential to the making of the order, when once made, the order exists proprio vigore, and when the subject-matter of the case is referred by the court, the tribunal thus constituted takes cognizance of the matter referred under the authority of the court. For the time being, the controversy is withdrawn from the court, and this necessarily operates as a stay of proceedings therein. And when the award is returned, unless it can be impeached for just cause, judgment thereon follows, of course, as a judgment of the court follows upon any other matter legally ascertained by it or through the agency of its officers: Williams v. Craig, 1 Dal. 314; Tyson v. Robinson, 3 Ired. 333.

In Ferris v. Munn, 22 N. J. Law, 164, the court speaking of our American practice said: "The proceedings and report of the referees are in the place of the act and verdict of a jury, and may be confirmed or set aside by the court, but one of the parties might as well undertake to rescind the venire or revoke the proceedings of a jury as the rule of reference or the proceedings of the referees." The evil consequences of a contrary practice are well outlined by the court in Pollock v. Hall, supra, wherein it is said: "When both parties have agreed to resort to that tribunal it would be inconsistent with the general nature of an agreement to permit one of them alone to withdraw from its jurisdiction. Feuds would be inflamed, in-

stead of being allayed, and suits multiplied, instead of being diminished, by such a construction of the law. . . . After an agreement to refer, a disclosure and hearing before the referees, and an opinion expressed or intimated by them upon the merits, a discontinuance cannot be regarded as a matter of right and would only be permitted upon very cogent reasons, such, perhaps, as would invalidate the award itself."

It follows from what has been said that a submission, such as that now before us, is irrevocable. It may be added that our Brother MITCHELL, when presiding in the common pleas of Philadelphia, considered a similar question and came to the conclusion, that a submission when made a rule of court is irrevocable: Grimm v. Sarmiento, 18 Phila. 307.

There is no force in the suggestion that the agreement above quoted was not filed until after the attempted revocation of the submission. Where the latter is in a pending action, it is treated as under a rule of court, and it is unnecessary to so stipulate in the agreement: Manhattan Life Insurance Co. v. McLaughlin, 80 Pa. 55, and cases there cited. So also an application to set aside a reference treats it as a rule of court: White's App., 108 Pa. 473.

We are satisfied that the court below erred in making absolute the rule of June 28, 1897, and hence the first specification of error must be sustained. The second specification is overruled.

The decree striking off the agreement of submission, award of arbitrators and judgment entered thereon, is reversed and set aside, and rule to show cause discharged at the costs of the defendant; and it is further ordered that said agreement, award and judgment be and the same are hereby fully reinstated, with like force and effect as if said rule had been discharged by the court below.