## Moseby v. Tuscarora Company.

*Practice, C. P.—Depositions — Rules of court — Service of rule to take. depositions—Rule must be directed to a person designated—Caption—Signing by witness.*

1. Where a rule of court provides that notice of a rule to take depositions must be served on a party if he lives in the county, and if he does not, service may be made on his attorney, service must be made on the party if he lives in the county, unless he has waived the right thereto; and waiver of such right is beyond the power of the attorney.

2. A rule to take depositions must be directed to an individual particularly designated. The naming of the place of taking is not sufficient.

3. Depositions are not vitally defective because they do not show a caption, where it appears they are attached to a copy of the rule wherein the purpose of taking is fully set forth.

4. Depositions taken before a stenographer are fatally defective if they are not signed by the witnesses.

Rule by Eldora McGrevy to be substituted as plaintiff, and exceptions to deposition in support of rule. C. P. Fulton Co.

*Harry W. Petrikin* and *W. W. Chisholm,* for rule.

*W. S. Hoerner* and *John P. Sipes,* contra.

McPHERSON, P. J., Aug. 22, 1924.—On May 19, 1924, a rule to take depositions on behalf of the petitioner was entered in the office of the Prothonotary of the Court of Common Pleas of Fulton County, said rule stating that depositions were to be taken on June 4, 1924, between the hours of 8 A. M. and 8 P. M. by him on that day in the office of justice of the peace, A. D. Peightel, in the Borough of McConnellsburg. Notice of the taking of these depositions under said rule was accepted May 19, 1924, by John P. Sipes, of counsel for the Tuscarora Company, the defendant. The defendant did not appear at the time of taking the depositions, and upon the filing thereof, on June 10, 1924, filed exceptions thereto, with additional exceptions filed June 14, 1924.

Exception is taken:

1. That notice of the time of taking depositions was not served on the Tuscarora Company, the defendant, as required by Rule 137, Rules of Court of Fulton County, it having its office in the Borough of McConnellsburg, and L. W. Seylar, president thereof, being a resident of said borough.

2. That the rule did not name any person or officer before whom the depositions were to be taken.

3. The rule to take depositions is unreasonable, in that it fixed June 4 and June 5, 1924, between the hours of 8 A. M. and 8 P. M. on each of said days, there being but three witnesses to examine.

4. The depositions do not show any proper caption showing what the person taking depositions purposed to do.

5. There is no *jurat* at the end of the depositions certifying that depositions were taken.

6. Depositions were not signed by the witnesses whose testimony is purported to have been taken.

The rule having been set down for argument on June 10, 1924, in view of the exceptions filed, the rule was not argued on that day, but it was agreed by counsel that the argument on the exceptions, as well as on the rule, should be heard at an adjourned court held July —, 1924.

Rule of Court No. 137 provides that notice to take depositions in the State shall be served on the party if he live in the county; if his residence be not in the county, service may be made on his attorney.

I think a fair construction of this rule in this case requires the service of notice on this defendant, unless it has waived the right thereto. Waiver of this right apparently is beyond the power of the attorney in view of the rule of court, and the acceptance thereof by Mr. Sipes is ineffective to bind the defendant.

We are of the opinion that the second exception is well founded. The power to take depositions in a particular action is based upon the authority of the rule to take depositions, and unless that rule is directed to some individual, there is no one to whom the power to take has been given. The naming of the place of taking is not sufficient.

The third exception we do not sustain, because the copy of the rule attached to the testimony filed, which we assume is a correct copy of the original rule, merely designates the time of taking as June 4, 1924, between the hours of 8 A. M. and 8 P. M.

In relation to the last three exceptions, we conclude that the fourth exception could not be sustained, because the depositions returned are attached to the copy of the rule to take depositions, wherein the purpose of taking is fully set forth.

In relation to the fifth and sixth exceptions, we conclude that, under the authority of Zehner *v.* Lehigh Coal and Navigation Co., 187 Pa. 487, the failure of the witnesses to sign the depositions is a vital defect. Apparently, these depositions were taken before a stenographer whose notes were subsequently written out in longhand. It seems a very necessary protection that, in taking such testimony, the substance of the testimony so written out should be read over to the witness, so that the verbiage of the notes taken and transcribed subsequently can be certified to by the witness himself. The absence of this opens the gateway to serious trouble, to the injury of the rights of the parties interested in the depositions. The depositions filed show that in several places erasures of testimony were made and substitutions therefor written in in lead-pencil. By whom written does not appear on the depositions thus taken. Whether these substitutions represent the exact testimony of the witness, we cannot know. The fact of their existence shows very loose practice, which should by all means be avoided.

In view of the above conclusions, we are of opinion that the depositions so taken should be suppressed and cannot be considered in the disposition of the rule to open judgment and substitute petitioner as plaintiff. In view of this conclusion, the court is under the necessity of dismissing the rule as being unsupported by any legal testimony.

Now, Aug. 22, 1924, the depositions filed June 10, 1924, are suppressed and the rule issued in above entitled case to show cause why Eldora McGrevy should not be substituted as plaintiff is hereby dismissed.