## R. F. RYAN v. GEORGE DOUGHERTY.

JURISDICTION OF COURT OVER MATTER SUBMITTED TO ARBITRATORS.—An agreement in writing between two parties to submit matters in difference between them to an arbitrator, with power to award and adjudge all matters in difference between them, and to make an award in writing, and that his award when made may be entered as a judgment of any Court of record having jurisdiction, does not give any Court jurisdiction of the parties litigant, or of the subject matter of the controversy, unless the agreement further stipulate that the submission may be entered as an order of Court, and the submission and stipulation are filed with the Clerk, and the Clerk enter in his register of actions a note of the submission, with the names of the parties, the name of the arbitrator, etc., as required by the three hundred and eighty-second section of the Practice Act.

ARBITRATOR MUST MAKE HIS AWARD WITHIN THE TIME LIMITED.—If the agreement to submit matters in difference to an arbitrator provides that the submission may be made an order of Court, and the Clerk makes the proper entries in his register of actions, the arbitrator must make his award within the time limited in the agreement, or both the arbitrator and Court lose jurisdiction of the case, unless the parties stipulate in writing to extend the time.

STATEMENT ON APPEAL.—A statement on appeal must be prepared and filed within twenty days after a judgment is entered.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*O. L. Lane*, for Appellant, argued that as there was no clause in the article of submission that it should be made an order of Court, the Court had no jurisdiction over the subject matter or the parties, and that the award was void, not having

been made within the time limited, and cited 9 John. 115 ; 5 Paige, 575 ; and 12 Cal. 331.

*R. F. Ryan,* in *pro per.,* for Respondent.

The award is conclusive that the parties agreed to the enlargement of time. (9 Barr, 100 ; 21 Wend. 489.) It is true, the agreement is silent as to making it an order of Court, yet it provides that judgment may be entered on it, and the greater includes the less. (*Howard* v. *Sexton,* 4 Comstock, 157.)

Section three hundred and eighty-five of the Practice Act provides that a party may confess a judgment, and may stipulate that a judgment be entered. The arbitration was merely taking an account of amount due, and the agreement a stipulation that judgment be entered for that amount, and gave the Court jurisdiction. (*Fletcher* v. *Pollard,* 2 Hen. & Mumf. 544.) The power to confess and enter judgment is a security, and irrevocable. (Stephens' Nisi Prius, 48.)

Under the facts in *Muldrow* v. *Norris,* 2 Cal. 74, the Court could have entered the judgment. The arbitrator became the agent of the parties. (23 Wend. 363.)

The words in the three hundred and eighty-second section of the Practice Act, " May     *     *     *     that it may be entered as an order     *     *     * ," are not imperative, but directory, showing an intention to allow either the statutory or common law mode. (5 Cowen, 165–188 ; 3 Hill, 612.) The statute does not require an order of Court to enable the award to be filed. (10 John. 143.) The time of filing the agreement was immaterial. (5 Cowen, 24.) A verbal agreement would have been held good. (1 Ohio, 463.)

By the Court, CURREY, C. J. :

On the 5th of May, 1864, the parties agreed in writing, under their hands and seals, to submit to arbitration certain matters in difference between them, and by their agreement they appointed James McCabe arbitrator, and invested him

with power to "arbitrate, award, order, adjudge and determine of. and concerning all and all manner of actions, causes and causes of action, suits, controversies, claims and demands whatsoever," pending, existing or held between them; and they further covenanted and agreed to and with each other to faithfully observe, keep and abide by, in all things, the decision and award which the arbitrator should make in writing on or before the 6th day of July, 1864. They further agreed that the arbitrator should have power to examine witnesses, and therefor to appoint time and place, and in conclusion they agreed as follows: "And the said submission, when made and arbitrated, may be entered up a judgment of any Court of record having a seal and jurisdiction." At the foot of this agreement is an instrument in writing which reads as follows: "It is hereby stipulated and agreed upon by and between R. F. Ryan, attorney for himself, and James Mee, as attorney for the said George Dougherty, that the time of hearing and deciding the said award is continued for sixty days from the date hereof, September 2, 1864; and that the said James McCabe may hear and determine said proceedings under said arbitration;" and the same is signed by R. F. Ryan for himself, and James Mee, as attorney for Dougherty.

On the 18th of April, 1865, the arbitrator made his award in writing, referring to the submission entered into between the parties on the 5th of May, 1864, and thus proceeding: "Now I, having been first duly sworn according to law, and having heard the proofs and allegations of the respective parties (the same having been taken from time to time, from the 15th day of September, 1864, to the 23d day of December, 1864, upon divers adjournments agreed upon by said parties), and examined the matter in controversy by them submitted, do make this my award in writing, that is to say: I award, adjudge and decree that he, said George Dougherty, shall and do pay to the said Richard F. Ryan the sum of $1,143 54 within fifteen days from the date hereof, the same being the balance of the account which I find from the evidence to be due from said Dougherty to said Ryan. And I further award,

order, adjudge and decree that the said George Dougherty pay to the said Richard F. Ryan, as costs of the proceeding, the sum of $115."

On the 20th of April, 1865, Ryan gave notice in writing to O. Lane, attorney for Dougherty, that the arbitrator had, on the 18th of that month, made his award upon the matters submitted to him, and that said award had been filed in the District Court of the Fourth Judicial District. Judgment was entered in said District Court upon this award on the 10th of July, 1865 ; and the submission and the further stipulation and agreement ; the award of the arbitrator ; the notice of the award and the filing of the same ; and the judgment entered, was indorsed as the " Judgment Roll " and filed in said District Court on the day judgment was entered.

On the 19th of July, 1865, Dougherty appealed from the judgment entered against him and afterwards prepared a statement to be annexed to the judgment which was filed on the 11th of August following. Ryan objects that this statement was not prepared within the time limited by the statute, and therefore should be rejected by the Court in the consideration of the case. It is manifest the statement was not prepared and filed within the time prescribed by the statute, and consequently it forms no part of the record. (Practice Act, Sec. 338; *Abbott* v. *Douglass*, 28 Cal. 296.) We shall therefore confine our attention to those matters which are properly before us of record.

The only point which it is necessary to consider is one involving the authority of the arbitrator to make the award, and the jurisdiction of the Court to enter the judgment from which Dougherty has appealed.

Persons capable of contracting may submit by writing to arbitration any controversy which might be the subject of a civil action between them, except a question of title to real property in fee or for life. (Practice Act, Secs. 380, 381.) But it does not follow that because a matter in difference between parties may be submitted by them to arbitration that a Court of record or any other Court will thereby acquire

jurisdiction of the subject matter in controversy or of the parties litigant. If the parties stipulate in the submission that the same may be entered as an order of the District Court, and cause the submission and stipulation to be filed with the Clerk of the county where one of the parties resides, such Clerk, who is *ex officio* Clerk of the Court named, shall enter in his Register of Actions a note of the submission, with the name of the parties, the name of the arbitrators, the date of the submission, when filed, and the time limited by the submission, if any, within which the award shall be made. (Practice Act, Sec. 382.) By the concurrence of these several conditions the Court obtains jurisdiction of the subject matter of the controversy and of the persons of the parties, and power over the arbitrators. When the arbitrators make an award it must be in writing, and when the submission is made an order of the Court the award when made must be filed with the Clerk and a note thereof made in the Register, and after some further proceedings it is the duty of the Clerk to enter the award in the Judgment Book and thereupon it becomes in effect a judgment. (Practice Act, Sec. 385.)

The parties agreed in the submission that the same " when made and arbitrated may be entered up a judgment of any Court of record," and the submission was filed October 28th, 1864, with the Clerk of the county where the parties resided. It does not appear that it was directly stipulated that the submission should be entered as an order of the Court, or that the Clerk entered in the Register of Actions the matters required by the statute. Were it assumed that the stipulation authorized the submission to be entered as an order of the Court and that the Clerk made the proper entries in the Register of Actions, then we are to proceed a step further and ascertain whether the omission to observe the conditions of the submission as to the time within which the award was to be made rendered the arbitrator *functus officio*, and operated to oust the Court of all jurisdiction in the premises. The parties covenanted and agreed to and with each other that they would in all things faithfully observe, keep and abide by

the decision and award which the arbitrator should make in writing on or before the 6th of July, 1864. This was evidently intended as a limitation of the time within which the arbitrator was to make his award. If it were conceded that the stipulation entered into between Ryan and James Mee, as attorney for Dougherty, extending the time for the hearing and determination of the matters submitted to arbitration for sixty days from the 2d of September, 1864, the position of the respondent Ryan is in no sense improved, for the reason that the arbitrator did not make his award until the 18th of April, 1865. Long before that date the powers conferred on the arbitrator by the parties had ceased and the Court had lost jurisdiction of the case (if it ever acquired jurisdiction in the premises) by the very terms and conditions of the submission. It does not appear that Dougherty ever consented to the making of the award, nor to any proceeding in the matter after that event, and it is difficult to understand how he could do so effectually, except in a mode as solemn and binding as required by the statute, in order to submit the matters in difference between him and Ryan to arbitration in the first instance.

We are of opinion the judgment was and is *coram non judice*, and consequently void.

Judgment reversed.