[No. 2,184.]

## JOHN A. FAIRCHILD v. JOHN S. DOTEN.

JUDGMENT UPON AWARD APPEALABLE.—A judgment entered in accordance with an award is a judgment upon a proceeding commenced in a District Court, within the meaning of the Practice Act, and is, therefore, appealable.

JURISDICTION OF SUPREME COURT.—The Supreme Court has appellate jurisdiction from judgments rendered in District Courts upon awards.

CHARACTER OF PROCEEDINGS IN CASES OF AWARD.—Proceedings upon award are special in character, and they must be in substantial compliance with the statute, or the judgment upon the award will not be valid.

JURISDICTION OF COURT.—The statute provides only for entering the *submission* to awards, as a rule of Court. If it clearly appear that the parties meant merely that the award and not the submission should be made a rule of Court, or that judgment should be entered upon the award, the Court has no jurisdiction.

APPEAL from the District Court of the Ninth Judicial District, County of Siskiyou.

The parties to this action, having failed to settle their partnership accounts, made the following agreement of submission to arbitration:

"We, the undersigned, hereby mutually agree to submit all matters and questions in difference between us, touching and concerning the settlement, liquidation, and adjustment of the accounts between us, the respective members of the firm of Fairchild & Doten, and said firm. But this arbitration is not intended to embrace and does not affect any sum or sums

of money due said firm from others, or any sum or sums due
from said firm to others, but is confined to accounts between
the members of said firm and between said firm and the
members thereof, save and excepting any indebtedness be-
tween said firm or the members thereof and their employés,
which is to be considered in this arbitration, whose names
are hereunto subscribed, to A. P. McCarton and E. M.
Anthony; the said McCarton and Anthony, as soon after
their meeting together as practicable, to select a third man,
and they three or any two of them to hear and determine
all questions and differences aforesaid, and to make their
award in writing, at as early a day as practicable.  And
it is hereby further mutually agreed between the parties
hereto, that judgment in the District Court of the Ninth
Judicial District of the State of California, in and for the
County of Siskiyou, may be rendered upon the award to be
made pursuant to this submission, to the end that all mat-
ters in controversy between them, so far as settling, liqui-
dating, and adjusting the accounts hereinbefore referred to
are concerned, shall be finally concluded.

"Witness our hands and seals this 16th day of July, A. D.
1868."

An award was filed December 7th, 1868, signed by A. P.
McCarton and Horace Archer, stating that the two arbitra-
tors selected by the parties had mutually agreed to appoint
Archer as the third arbitrator; that they had proceeded to
take testimony as to claims; had allowed some claims and
rejected others; and finally agreed upon an award in favor
of Fairchild and against Doten, for the sum of twelve thou-
sand one hundred and thirty-nine dollars and thirty-two
cents.  Anthony refused to sign the award.  Doten filed in
the District Court exceptions to the award, upon the ground
that Archer had not been selected until after the award was
made, and then only by McCarton, and upon various other

grounds. He moved to vacate the award. The Court denied the motion, and rendered judgment in accordance with the award.

Doten appealed from the order denying his motion. The appeal was dismissed (see 38 Cal. 286), and he then took this appeal from the final judgment.

*George Cadwalader*, for Appellant.

*E. & C. A. Garter* and *E. Steele*, for Respondent.

By the Court, TEMPLE, J.:

There is great force and plausibility in the argument of the respondent that the evident intent of the framers of the Practice Act must have been that no appeal should be taken from a judgment rendered upon an award of arbitration; that review of the proceedings of the arbitrators should only be had upon a motion to vacate the award in the District Court, and that an appeal to this Court can only be taken from the order vacating or refusing to vacate the award.

I think, however, the judgment upon an award is a judgment upon a proceeding commenced in the District Court, within the meaning of section three hundred and thirty-six, and therefore is appealable under that statute. In that section, actions or proceedings *commenced* in the Court from which the appeal is taken are placed in opposition to such as might have been brought to that Court by appeal. An arbitration, for the purposes of that section, may be said to be a proceeding commenced in the District Court. The agreement submitting the matter to arbitrators takes the place of the pleadings, and the arbitrators, upon the submission being filed, become subject to the control of the Court, to a great extent, and their award is analagous to a judgment reported by a referee appointed to try a cause and

report judgment. Section three hundred and eighty-eight does not, in express terms, deny an appeal from such judgment after a motion has been made to vacate the award. I think we ought not to refuse to take jurisdiction, unless it were expressly excepted from the statute granting appeals from the judgments. It is certain that the Constitution has given this Court appellate jurisdiction in cases of this character, and manifestly objections may well exist to a judgment upon an award which are not specified in the Practice Act as grounds of vacating the award. We will not presume that the Legislature has attempted to deny to parties a constitutional right, or to deprive this Court of its appellate jurisdiction.

The submission to arbitration contains a stipulation that judgment in the District Court of the Ninth Judicial District, in and for the County of Siskiyou, may be rendered upon the award made in pursuance of the submission. There is no stipulation that the submission shall be entered as a rule of the Court, and it is claimed by the appellant that the District Court acquired no jurisdiction of the matter. The proceeding is a special one, and the statutory provisions must be substantially complied with or the judgment will not be valid. The statute provides only for entering the submission as a rule of Court. Numerous cases have been decided in which it has been held that an agreement that the award shall be made a rule of Court will be considered tantamount to an agreement that the submission shall be made a rule of Court. This seems very much like making a contract for the parties different from that which they have made for themselves; or at least to permit parol evidence to vary the written contract, and thus to nullify the statute, which requires the submission to be in writing. This liberal construction is only applied to those cases where it appears that the word " award " has been used by mistake, and the Court can see by the language used that the par-

ties intended that the arbitration should be made under the statute. If it clearly appear that the parties meant merely that the award and not the submission should be made a rule of Court, or that judgment should be entered upon the award, the Court has no jurisdiction. In this case it is not even stipulated that the award shall be entered as a rule of the Court, but that judgment may be entered upon the award. The parties evidently did not intend that the arbitration should be conducted under a rule of the Court, or to avail themselves of the machinery of the Court to compel the attendance of witnesses or otherwise. The agreement was intended as authority to enter a judgment against the losing party. Upon this point the case stands upon all fours with the case of *Ryan* v. *Dougherty*, 30 Cal. 218. (See, also, Caldwell on Arbitration, 44; *Cromwell* v. *Marsh*, 1 Breese, 230.)

The Court derives its jurisdiction entirely from the statute, there being no cause pending in that Court in which judgment could be entered. The statute not having been complied with, the judgment was unauthorized.

Judgment reversed and cause remanded.

RHODES, C. J., concurring specially:

I concur in the judgment.