[No. 2,609.]

## JAMES PIERATT *v.* JAMES KENNEDY.

ARBITRATION—ENTRY OF SUBMISSION BY CLERK NECESSARY.—Under section three hundred and eighty-two of the Practice Act the Clerk of the Court must be authorized by the stipulation of the parties to an arbitration to enter in his register of actions a note of the submission, and he must make the entry therein; otherwise there is no jurisdiction in the Court over the subject matter or the parties.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

The facts are stated in the opinion.

*G. L. Wratten* and *A. Thomas*, for Appellant.

*W. E. McConnell*, for Respondent.

By the Court, WALLACE, C. J.:

This appeal is taken from an order denying a motion to set aside an award, and also from the judgment entered thereon.

The proceedings are founded upon a written submission, signed by the respective parties, in which it is recited that differences have arisen between them in reference to their respective accounts and claims against each other; the parties then stipulate and agree to submit these to arbitration, and they thereupon nominate and appoint three named persons to act as arbitrators in the premises. The submission then proceeds in the following words: "It is further stipulated and agreed between us that this submission and stipulation shall be filed by the Clerk of the District Court of the Seventh Judicial District in and for Sonoma County, State of California, *and shall have the force and effect of an order of said Court;* and it is agreed that the award shall be

CAL. REPS. XLIII—50

filed in said Court in the manner pointed out by law, and shall have the force and effect of a judgment of said Court." The submission was signed on the 21st of September, 1869, and filed on the twenty-fifth of the same month, but no entry of a note of submission was made by the Clerk in the register of actions. An award subsequently made and filed by the Clerk was set aside by the District Court, and it was ordered that a new award be made, which new award was afterward filed, and it is from an order entered refusing to set aside this second award and from a judgment rendered thereon that this appeal is taken.

The statute (Pr. Act, Sec. 380) provides that persons capable of contracting may submit to arbitration any controversy which might be the subject of a civil action between them except a question of title to real property in fee or for life.

It is further provided (Sec. 382) that it may be stipulated in the submission "that it be entered as an order of the County Court or of the District Court, for which purpose it shall be filed with the Clerk of the county where the parties, or one of them, reside."

It is not necessary to inquire if the agreement to the effect that the *mere stipulation* itself "shall have the force and effect of an order of said Court," is to be considered the legal equivalent of the *required* stipulation that the *submission be entered as an order of Court.* It may well be doubted, however, if anything short of a stipulation unequivocally authorizing the entry of the submission by the Clerk will confer upon that officer the authority to make such entry in his register.

But however this may be, and if it be conceded that there is no substantial insufficiency in the stipulation as made, what is to be said upon the fact that the Clerk did not make in his register any note of the submission to arbitration? The provisions of the statute upon the point are not to be mistaken: "The Clerk shall thereupon enter in his register

of actions a note of the submission, with the names of the parties, the names of the arbitrators, the date of the submission when filed," etc. (Sec. 382.) He must in the first place be authorized by the stipulation to make note in his register, and in the second place he must, in fact, make it there—the mere authority without the act done is no more than the act done without the authority would be. Both these must concur (*Ryan* v. *Dougherty*, 30 Cal. 218), and in the absence of either there is no jurisdiction over the subject matter or the parties.

Judgment reversed and cause remanded.