[No. 88.    First Appellate District.—November 23, 1905.]

In the Matter of Arbitration Between D. ABRAMS, Appellant, and P. J. BRENNAN, Respondent.

SUBMISSION OF CAUSE TO ARBITRATION—STATUTORY PROCEEDING.—The submission of a cause to arbitration is a creation of the statute; and the arbitration must find support in and be governed by the limitations and restrictions of the statute.

ID.—TIME FOR FILING AWARD—JURISDICTION—AGREEMENT OF PARTIES. The agreement to submit the cause need not limit the time within which the award must be made, and, in such case, the court may compel an award in case of unreasonable delay; but where the

time for filing the award is limited by the agreement of the parties, the court has no jurisdiction to extend or add to the original agreement, or to compel an award after the time so limited, and an award filed thereafter is void.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside and modify the award of arbitrators.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Thomas V. O'Brien, for Appellant.

Edgar C. Chapman, for Respondent.

COOPER, J.—This is an appeal from an order denying the motion of appellant to set aside and modify the award of certain arbitrators in certain matters of dispute submitted to them.  In this case objection was made that the award was void, and that the court had no jurisdiction because it was not made and filed in time.  It is clear that arbitration, being a creature of the statute, by which jurisdiction is taken from the courts of the matters to be arbitrated and vested in designated persons regardless of their calling or learning in the law, must find support in and be governed by the limitations and restrictions named in the statute.

The statute gives the parties to certain disputes and controversies the right to submit them to a tribunal of their own selection and, by agreement, to vest such tribunal with many powers that, when properly exercised, become final.  It may be stipulated in the submission that it be entered as an order of the superior court, and in such case it must be filed therein. The clerk of the court must thereupon enter certain enumerated matters in his register of actions, among which are "the date of the submission, when filed, and the time limited by the submission, if any, within which the award must be made."  (Code Civ. Proc., sec. 1283.)

The agreement to submit in this case contained the provision: "And the parties hereto further agree that the award, decision and judgment must be made in writing, signed by the arbitrators or a majority of them, and filed with the clerk of the said superior court within thirty days from and after the day when this agreement is filed with said clerk."  The

agreement was filed with the clerk November 20, 1902, and the award filed December 22, 1902, more than thirty days after the making and filing of the agreement. It does not appear when the award was made, as it is not dated; but we must presume it was made when filed. We must therefore hold that after the expiration of the thirty days the arbitrators lost jurisdiction and the award was void.

There is an attempt made by respondent to show that the delay in filing the award was caused by appellant, but the affidavits filed by appellant are in conflict with those of respondent on this point, and we must hold the parties to their contract. No doubt but that they could have extended the time by a written contract, but this they did not do.

The practice act contained provisions practically the same as those now in the code as to arbitration, and the limitation of the time within which the award must be filed. In *Ryan v. Dougherty*, 30 Cal. 219, the agreement provided that the parties would faithfully abide by the award "which the arbitrators should make in writing on or before the sixth day of July, 1864." The award was not made and filed within the time named in the agreement. The court said: "The parties covenanted and agreed to and with each other that they would in all things faithfully observe, keep and abide by the decision and award which the arbitrator should make in writing on or before the sixth day of July, 1864. This was evidently intended as a limitation of the time within which the arbitrator was to make his award. If it were conceded that the stipulation entered into between Regan and James Mee, as attorney for Dougherty, extended the time for the hearing and determination of the matters submitted to arbitration for sixty days from the second day of September, 1864, the position of the respondent Regan is in no sense improved, for the reason that the arbitrator did not make his award until the nineteenth day of April, 1865. Long before that date the powers conferred on the arbitrator by the parties had ceased, and this court had lost jurisdiction of the case (if it ever acquired jurisdiction in the premises) by the very terms and conditions of the submission."

The above case is quoted with approval in an opinion by Mr. Justice Temple in *Fairchild v. Doten*, 42 Cal. 125, where it is said: "The proceeding is a special one, and the statu-

tory provisions must be substantially complied with or the judgment will not be valid."

The same rule is followed in Massachusetts. (*Bent* v. *Erie Telegraph etc. Co.*, 144 Mass. 165, [10 N. E. 778].) There the court said: "Section 9 provides that 'the award may be returned at any term or session of the court held within the time limited in the submission.' Under these provisions the agreement of submission must fix the time within which the award must be returned into court, and the court has jurisdiction only of an award returned to it within that time."

See further *James* v. *Southern Lumber Co.*, 153 Mass. 361, [26 N. E. 995]; *De Long* v. *Stahl*, 13 Kan. 558; *Brown* v. *Copp*, 5 N. H. 223; Morse on Arbitration and Award, p. 261. The latter author says: "If a time be named within which an award is to be made, it is invalid if it be not made until after that time has elapsed."

Respondent contends that time is not material because the code provides that the arbitrators may be compelled by the court to make an award. (Code Civ. Proc., sec. 1283.) The same provision was in section 382 of the Practice Act when *Ryan* v. *Dougherty* was decided. The submission need not limit the time within which an award must be made, and in such case the court may compel an award in case of unreasonable delay; but where the time is limited by the contract of the parties the court could have no jurisdiction to extend or add to the original agreement. It could not compel the arbitrators to act after their authority to act had expired.

The judgment is reversed, and the lower court directed to set aside the award.

Harrison, P. J., and Hall, J., concurred.