[L. A. No. 2543.   Department Two.—January 5, 1911.]

In the Matter of the Arbitration between CHARLES H. SILLIMAN, Appellant, and CHARLES A. CARR, Respondent.

ARBITRATION AND AWARD—SUBMISSION PENDING LITIGATION—ENTRY AS ORDER OF COURT.—Where during the pendency of an action, the parties thereto enter into a written agreement for the submission of the matters in controversy to arbitration, it will be presumed, even if the agreement is silent upon the matter, that it was the intent of the parties that the submission be entered as a rule of court; and it was not essential to the validity of the judgment based on the award that the agreement should have provided that the submission be entered as an order of the superior court, as contemplated by section 1283 of the Code of Civil Procedure.

ID.—MISCONDUCT OF ARBITRATORS—WITNESSES NOT SWORN—WAIVER OF OBJECTION.—A party to an arbitration cannot complain of the misconduct of the arbitrators in receiving evidence without first swearing the witnesses, if he was present at the hearing, and made no objection to the fact that the witnesses were not sworn, and took no exception to their unsworn statements.

ID.—ENTRY OF ARBITRATION PROCEEDINGS—IRREGULAR ENTRY SUBSEQUENTLY CURED.—The entry by the clerk, in the first instance, of the submission and award under the title of the action pending between the parties, if an irregularity, was cured by his subsequent entry of such matters, as contemplated by the statute, in the appropriate book and under the appropriate title.

ID.—TIME FOR AWARD—REFUSAL TO REOPEN CASE.—Where the time within which the arbitrators could make their award was limited by the terms of the submission to a specified period, their refusal on the last day of such period, to reopen the case for the taking of further testimony, was not error, when reopening it, under the circumstances, would have made it impossible for them to return their award within the time contemplated.

ID.—PART ACCEPTANCE OF AWARD.—A party to an arbitration, who has in part accepted the benefits of an award, cannot afterwards protest against it.

APPEAL from a judgment of the Superior Court of Imperial County entered upon an award of arbitrators.  Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Noland & Birkhauser, for Appellant.

Conklin & Brown, for Respondent.

HENSHAW, J.—Appellant had commenced an action against respondent who had been his tenant for a cancellation of the lease and an accounting. While the action was pending the parties entered into an agreement to arbitrate. The agreement recited that Silliman had canceled his lease and agreement and intended to take possession of the leased property; that Carr was willing that he should do so on proper compensation being made to him, wherefore, "to avoid a recourse to a suit in the courts," the parties submitted to arbitration "the whole matter of settlement and adjustment of said lease and agreement and of the rights of the parties therein," and "all matters in dispute between said parties shall be included in said arbitration, to wit, all notes, accounts and dealings of every kind and character between the parties hereto, including all rights and claims to damages and compensation for crops and improvements under said lease and subsequent agreement above referred to." The parties further agreed "that the award of such arbitrators shall be made an order of the superior court in and for the county of Imperial, state of California, and that such award shall be made within ten days from the date hereof." This submission was filed with the clerk of the superior court, but was entered in his books under the title of the case pending between the parties. In due time the award was made and this, in turn, was filed with the clerk of the court who noted it, as he had done the submission, under the title of the pending case. Appellant thereafter filed with the clerk his motion to vacate the award under section 1287 of the Code of Civil Procedure. The motion was denied. Subsequently he moved the court to stay the entry of judgment on the ground that it had not been made in the statutory form because the agreement of arbitration provided that the *award* and not the *submission* should be made an order of the court. This motion was also denied. Thereafter the clerk made new entries of all the proceedings relating to the arbitration in his register of actions under title independent of the pending action and showing separate arbitration proceedings. Having made all the statutory entries required by the code, the clerk

on May 28th entered the award in his judgment book as a judgment and Silliman appeals.

Upon the appeal he first insists that the judgment is void in that the arbitration agreement does not provide that the submission be entered as an order of the superior court as contemplated by section 1283 of the Code of Civil Procedure. Such cases as *Ryan* v. *Dougherty,* 30 Cal. 218; *Fairchild* v. *Doten,* 42 Cal. 125, and *Pieratt* v. *Kennedy,* 43 Cal. 393, are relied on to support appellant's contention.

They differ from the case at bar, however, in the following important respect. In all of these cases the agreement to arbitrate arose and was entered into independent of any litigation or court proceedings. In the case at bar the arbitration agreement was entered into after suit brought and while the action was pending between the parties, and one of its avowed purposes was to relieve the parties from the necessity of having their differences determined by the court and to substitute for the judgment of the court the award which arbitrators of their own selection might decree. It is well settled that in such a case, even where the arbitrators' agreement is silent upon the matter, it will be presumed that it is the intent of the parties that the submission be entered as a rule of court. Thus in *Buckman* v. *Davis,* 28 Pa. St. 211, the parties did not stipulate to make the submission a rule of court, but says the court: "This has been held in several cases to be immaterial where there is an action pending." Again in *McAdams' Executors* v. *Stilwell,* 13 Pa. St. 90, it is said: "The courts have, therefore, refused to listen to merely formal objections, whether directed against the submission itself or addressed to the award. (*Herman* v. *Freeman,* 8 Serg. & R. 9.) It was accordingly long ago settled, that the insertion of a formal agreement to make the submission a rule of court, is not necessary to its efficiency whenever an action is pending. . . . Such consent will be implied whenever the intent of the parties is apparent." In *Zehner* v. *Leigh Coal & Navigation Co.,* 187 Pa. 487, [67 Am. St. Rep. 586, 41 Atl. 464], it is said: "There is no force in the suggestion that the agreement above quoted was not filed until after the attempted revocation of the submission. Where the latter is in a pending action, it is treated as under a rule of court, and it is unnecessary to so stipulate in the agreement."

As to the alleged misconduct of the arbitrators in receiving certain evidence without first swearing the witnesses, it is shown by way of answer that the appellant was present, made no objection to the fact that witnesses were not sworn and took no exception to their unsworn statements. On the authority of *In re Connor*, 128 Cal. 279, [60 Pac. 862], he may not be heard to complain of this irregularity. As to the mere statement in the affidavit of one of the arbitrators that the arbitrators "considered and deliberated upon matters extraneous and *dehors* the submission to arbitration, in this, that said arbitrators took into consideration the lands and premises, as also the crop growing thereon, known as the Blanche C. Silliman Ranch," it is sufficient to say that the growing crop upon this ranch which had been leased by appellant to the respondent was clearly one of the matters covered by the arbitration agreement which in its terms embraced "all matters in dispute between said parties."

We express no opinion upon the question as to whether it was an irregularity for the clerk in the first instance to have entered the submission and award under the title of the action pending between the parties. Suffice it to say that if it was an irregularity, it was an irregularity without injury and amounted to no more than a clerical misprision, and was corrected by full and complete entries, as contemplated by the statute, in the appropriate book and under an appropriate title.

The refusal of the arbitrators at the request of the appellant to reopen the cause for further hearing was fully justified by the facts. By the terms of the submission they were to make their award within ten days. At noon of the tenth day, having assembled for the purpose of preparing their report, they were asked by appellant in the absence of Carr to reopen the cause for the taking of further testimony. They refused on the ground that to reopen the case under such circumstances would make it impossible for them to return their award within the time contemplated by the agreement. There was no error in this refusal. (3 Cyc. 348.)

Finally, it may be said that it stands uncontradicted that after the award of the arbitrators had been made, the appellant came to the respondent and asked that the stock given to him under the award be turned over and placed in his care.

This was done, and the appellant ever since has had the custody and control of the stock and has taken a large portion of it away from the ranch to places unknown. Further, that in consequence of this affirmative action on the part of Silliman in recognizing the award and in accepting the fruits thereof, Carr had surrendered possession of the premises and rented another place. Appellant's protest against the award, the benefits of which he has at least in part accepted, cannot be heard.

The judgment appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.