IN RE COMPENSATION TO BE PAID BY HILO RAIL-
ROAD COMPANY, FOR LAND TAKEN FROM H.
S. RICKARD FOR RAILROAD PURPOSES AND
DAMAGE DONE TO ADJACENT LAND, INCI-
DENTAL TO ITS USE FOR SUCH PURPOSE. R.
W. LOT NO. 141.

IN RE COMPENSATION TO BE PAID BY HILO RAIL-
ROAD COMPANY, FOR LAND TAKEN FROM
MRS. ANNIE RICKARD, WIFE OF H. S. RICK-
ARD, FOR RAILROAD PURPOSES AND DAMAGE
DONE TO ADJACENT LAND, INCIDENTAL TO
ITS USE FOR SUCH PURPOSE. R. W. LOT NO.
145.

APPEALS FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED NOVEMBER 15, 1912.         DECIDED NOVEMBER 30, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ARBITRATION AND AWARD—*jurisdiction*—*entry of submission as a rule of
court*—*revocation*.

Under chapter 142, R. L., relating to arbitration, to give the court
jurisdiction over the subject matter and the parties it is neces-
sary that the written submission be entered as a rule of court;
and until the submission is so entered either party may revoke
the agreement, regardless of whether the award has been already
placed on file..

ID.—*entry of rule of court, nunc pro tunc.*

In a proceeding under the chapter named a submission to arbi-
tration may not, after revocation of the agreement by one of the
parties, be entered as a rule of court as of the date of the ac-
knowledgment of the submission before the judge.

ID.—*judgment without rule of court.*

A judgment entered upon an award without the submission
having been first lawfully entered as a rule of court is invalid.

OPINION OF THE COURT BY PERRY, J.

In each of these cases the parties entered into an agreement in writing to submit to three arbitrators named the determination of a controversy as to the amount of compensation to be paid by the railroad company for the taking of certain parcels of land and for the injury done to certain other parcels by depositing thereon earth, rocks and other debris. In the agreements it was provided that the awards of the arbitrators, when rendered, should be entered up as judgments of the circuit court of the fourth circuit of the Territory of Hawaii. The agreements were dated June 10, 1912, and on the same day were acknowledged by the parties and their attorneys before the circuit judge of the fourth circuit and were endorsed by the clerk of that court as filed. Neither agreement, however, was at that time entered as a rule of court. The awards were filed in the circuit court on June 15 and on July 13 the railroad company moved that the awards be confirmed and entered up as judgments of that court. On July 23, before action on the motions, the landowner in each case filed a written revocation of the submission and on July 29 a statement of objections to the entry of judgment on the ground, among others, that the submission had not been entered as a rule of court and that the court was without power to enter judgment on the award. On August 16, against the landowners' objections, the court made an order in each case, "as of the tenth day of June, 1912," that the agreement of arbitration be entered as a rule of court and on August 22 judgments were entered upon the awards. The cases come to this court on the landowners' appeals from the decisions and judgments of the circuit court.

The only question necessary to be considered is whether the circuit court had jurisdiction under the circumstances to enter the submissions as rules of court *nunc pro tunc* and to enter judgments upon the awards.

In referring their controversies to arbitration the parties ob-

viously were not proceeding under the provisions of chapter 64 of the Revised Laws, as amended by Act 86 of the Laws of 1909, relating to railways and their powers of eminent domain, for the arbitrators were chosen by the parties themselves and were not appointed by a justice of the supreme court; and the judgments cannot be sustained on the theory that these were common law submissions, because the jurisdiction to enter a judgment, enforceable by execution, upon an award in a case not pending before the court is special and statutory and did not exist at common law. 3 Cyc. 798, 776; *Fortune v. Killebrew,* 86 Tex. 172, 177.

The judgments can be sustained, if at all, only on the theory that the submissions were under chapter 142 of the Revised Laws which provides in section 2187 that "all controversies, which might be the subject of a personal action at law, or of a suit in equity, may be submitted to the decision of one or more arbitrators, in the manner provided in this chapter." Sections 2188 and 2189 of the same chapter are as follows: "The parties to any such controversy may agree in writing to submit the same to the decision of one or more arbitrators named in the agreement or to be appointed in such manner as the parties shall agree upon, stipulating that the award of such arbitrators when rendered shall be entered up as a judgment of any court of record or district court of the Territory mentioned in such agreement." (Sec. 2188.) "The parties shall appear personally, or by attorney, before the district magistrate or any judge of the court of record agreed upon, and upon their acknowledging the execution of the written submission and producing the same before such magistrate or judge, he shall cause the same to be entered as a rule of court; after which neither party shall have a right to revoke the submission without the consent of the other." (Sec. 2189.) The language of section 2189 is unambiguous. The provision that after the submission is entered as a rule of court neither party shall have the right to revoke the submission without the consent of the other carries with it

the very clear implication that until such entry either party may so revoke. It is true that at the common law the right to revoke ceased with the rendition of the award, but these judgments cannot be sustained partly under the statute and partly by reference to the common law. The parties were at liberty to submit to arbitration under the common law (*Merrill* v. *Lenehan,* 4 Haw. 670; *Bruner* v. *Brewer & Co.,* 20 Haw. 627) with the consequent limitations concerning the methods of enforcement of the awards; but if they chose to proceed under the statute it became incumbent upon them to comply with its essential requirements. The procedure prescribed by the statute is not in accordance with the ordinary process of law and to give the court jurisdiction of the subject-matter and of the parties the steps enumerated, to wit, acknowledgment and production of the agreement and its entry as a rule of court, were essential. For the entry of the rule the consent of the parties was necessary and until the entry was actually made it was competent for either party to withdraw its consent. The failure to enter the submission as a rule of court was a defect of such a character that it could not be remedied by a mere waiver.

Statutes relating to arbitration differ so greatly in their provisions that but little assistance can be derived from adjudicated cases. A few, however, may be here referred to.

In *Ryan* v. *Dougherty,* 30 Cal. 219, the court said: "Persons capable of contracting may submit by writing to arbitration any controversy which might be the subject of a civil action between them, except a question of title to real property in fee or for life. (Pr. Act, secs. 380, 381.) But it does not follow that because a matter in difference between parties may be submitted by them to arbitration that a Court of record or any other Court will thereby acquire jurisdiction of the subject-matter in controversy or of the parties litigant. If the parties stipulate in the submission that the same may be entered as an order of the District Court, and cause the submission and stipulation to be filed with the Clerk of the county where one

Hilo Railroad Co. v. Rickard, 21 Haw. 375.

of the parties resides, such Clerk, who is *ex officio* Clerk of the Court named, shall enter in his Register of Actions a note of the submission, with the names of the parties, the names of the arbitrators, the date of the submission, when filed, and the time limited by the submission, if any, within which the award shall be made. (Pr. Act, sec. 382.) By the concurrence of these several conditions, the Court obtains jurisdiction of the subject-matter of the controversy and of the persons of the parties, and power over the arbitrators."

"The provisions of the statute upon the point are not to be mistaken: 'The Clerk shall thereupon enter in his register of actions a note of the submission, with the names of the parties, the names of the arbitrators, the date of the submission when filed,' etc. (Sec. 382.) He must in the first place be authorized by the stipulation to make note in his register, and in the second place he must, in fact, make it there—the mere authority without the act done is no more than the act done without the authority would be. Both these must concur (*Ryan* v. *Dougherty,* 30 Cal. 218), and in the absence of either there is no jurisdiction over the subject-matter or the parties." *Pieratt* v. *Kennedy*, 43 Cal. 393.

Under a statute providing that upon the filing of the submission the clerk shall "enter on his register of actions a note of the submission, with the names of the parties, the names of the arbitrators, the date of submission, when filed, and the time limited by the submission, if any, within which the award shall be made" the supreme court of Nevada said: "This is a special, not the ordinary mode for recovery of a judgment, the requirements of the statute authorizing it are not idle, useless formulae; they are mandates of law not to be disregarded and must be substantially complied with." *Steel* v. *Steel*, 1 Nev. 27.

"In the absence of these necessary preliminary steps" (a written submission and entry of note thereof on the record) "there is no foundation for the judgment of the court. Indeed, in their absence, the statute has not given to the court the power and authority to render judgment upon an award of arbitrators.

In such a case the judgment is void." *Carson* v. *Carson,* 58 Ky. 434.

"The remedy pursued in this cause to enforce the award of the arbitrators is statutory and can only be adopted when the submission follows the direction of the statute." *Coffin* v. *Woody,* 5 Blackf. (Ind.) 423.

"The record in this case fails to show that the arbitration was made a rule of court by the parties filing in the court the statement required by section 1222, Revised Statutes of 1892, and fails to show the recording of the same in the minutes of the court as required in said section. This was a requirement which under the terms of the statute was jurisdictional and necessary to confer any power upon the arbitrators or umpire." *Readdy* v. *Electric Co.,* 41 So. (Fla.) 535. See also *Heslep* v. *City of San Francisco,* 4 Cal. 1; *Kettleman* v. *Treadway,* 65 Cal. 505; *Railroad* v. *Cooper,* 59 Minn. 290.

In *Academy* v. *Fletcher,* 33 Pac. (Cal.) 855, relied upon by the appellee, the submission contained an express provision that it "may be entered as an order of the superior court * * * *at any time"* and the decision was based in part upon that consideration. Aside from this the conclusion supporting the judgment, rendered under circumstances similar to those in the case at bar, was based upon the view that the agreement could not be revoked after the filing of the award,—an attempt to rely both on the common law and on the statute. The reasoning in that case does not appeal to us as sound.

Whether the awards are valid and enforceable as common law awards is a question not presented by these appeals.

In our opinion the orders *nunc pro tunc* and the judgments are invalid. The appeals are sustained and the judgments set aside.

*C. S. Carlsmith* for Hilo Railroad Company.

*Smith, Warren & Hemenway* and *E. W. Sutton* for H. S. Rickard and Annie Rickard.