[Civ. No. 5035. Second Appellate District, Division One.—January 23, 1928.]

WILLIS FINANCE AND CONSTRUCTION COMPANY (a Corporation), Appellant, v. A. D. PORTER, Respondent.

524

Newlin & Ashburn, R. L. Haight, Otto & Linn and James H. Mitchell for Appellant.

Thomas C. Ridgway and Richard F. Bailey for Respondent.

WOOD (W. J.), J., *pro tem.*—Appellant and respondent entered into an agreement in writing on April 30, 1924, submitting to arbitrators certain controversies then existing between them. The agreement of submission provided that it should be entered as an order of the superior court in accordance with section 1283 of the Code of Civil Procedure, and that it should be filed before the arbitrators entered upon the performance of their duties. The agreement contained the following provision: "It is hereby mutually agreed that the award hereunder shall be made by said arbitrators at any time on or before the 15th day of May, 1924, or on or before any other day to which the parties hereto shall, by writing, endorse on this submission, from time to time enlarge the time for making the award, and it is hereby agreed that in the event said award is not made within the time that may be agreed upon, it shall

be deemed that this submission shall have failed and the same shall be at an end, and the second party may proceed, as hereinafter specified, with the prosecution of such actions as have already been started, or such action as may hereafter be started in connection with said controversies.'' The time limit was later extended to May 31, 1924, by indorsement in writing.

Respondent notified appellant in writing on June 2, 1924, that the agreement of submission was terminated on the ground that no award had been made within the time limit fixed in the submission or within the extended time. On June 4, 1924, the arbitrators made an award which was filed on June 12, 1924. Appellant caused the agreement of submission to be filed on June 10, 1924, in the office of the county clerk. At the time the agreement of submission was filed the clerk entered in the register of actions the names of the parties, the fact that it was an arbitration matter and the date of the filing of the submission. This constituted the entire record of the entry of submission and this record was not at any time amended. There was no entry by the clerk of the names of the arbitrators or the time limited by the submission within which the award must be made, in accordance with the requirements of section 1283 of the Code of Civil Procedure, as it was in force at the time of these proceedings. Respondent on June 17, 1924, served notice of motion to vacate the arbitrators' award. This motion was denied by the court on July 25, 1924, and notice of the ruling of the court was served on August 8, 1924. Appellant filed an affidavit on November 5, 1924, setting forth certain matters mentioned in section 1286 of the Code of Civil Procedure, and on November 7, 1924, the award was set out in full by the clerk in the judgment-book as a judgment of the court. Thereafter the respondent moved to set aside the judgment entered by the clerk on the ground that the court was without jurisdiction and that the judgment was void. On November 25, 1924, the court granted respondent's motion by minute order and filed a written order and judgment in which it was found ''that the submission to arbitration filed herein on June 10, 1924, was filed subsequent to the time limited by the said submission and after the award had been made, and that the clerk of the court did not enter in his register

of actions the names of the arbitrators, the date of the submission, and the time limited by the submission within which the award must be made, and that the above court had no jurisdiction of the above-entitled matter or of the parties, and that the award entered by the clerk as a judgment herein is void and is a nullity.'' Appellant now seeks to reverse the judgment setting aside ''the said award and the entry thereof as a judgment.''

By the terms of the agreement of submission it was expressly agreed that the submission should ''be at an end'' in the event the award should not be made within the time extended, May 31, 1924. The record clearly shows that the award was dated June 4, 1924, and filed June 12, 1924. ■ Parties to an agreement of arbitration are bound by all of its terms, including that fixing a time limit beyond which the arbitrators cannot act. ■ The powers of the arbitrators ceased on May 31st. It does not appear that respondent ever consented to the making of an award after that date, but, on the contrary, he promptly notified all concerned of the termination of the submission. It follows that the award made on June 4th is a nullity. (*Ryan* v. *Dougherty*, 30 Cal. 218; *In re Abrams*, 2 Cal. App. 237 [84 Pac. 363].)

A statutory arbitration such as the one under discussion is governed by sections 1281–1290 of the Code of Civil Procedure. As stated in *Fairchild* v. *Doten*, 42 Cal. 125, ''The proceeding is a special one, and the statutory provisions must be substantially complied with or the judgment will not be valid.'' Section 1283 of the Code of Civil Procedure, before the amendment of 1927, provided that the submission must be filed with the clerk in order to be made an order of the court. After specifying certain steps to be taken by the clerk in making the proper entry the section provided: ''When so entered the submission cannot be revoked without the consent of both parties. . . . If the submission is not made an order of the court, it may be revoked at any time before the award is made.'' ■ In the instant case respondent was within his legal rights in terminating the agreement of submission before the award was made or the submission filed. The filing of the agreement of submission subsequent to the revocation by respondent, subsequent to the last day set in the agreement for the making of the

award and subsequent to the actual making of the award could not validate the award or give the court jurisdiction of the subject matter or the parties. (*Kriess* v. *Hotaling*, 96 Cal. 617 [31 Pac. 740].)

Appellant contends that the denial of the motion to vacate the award on July 25, 1924, operates as a bar to the presentation of a later motion to set aside the judgment entered by the clerk on November 7, 1924. The court at no time had jurisdiction of the parties or the subject matter and at no time had authority to adjudge the matters in controversy. The judgment being void upon its face, the rule of *res judicata* does not apply. In *Forbes* v. *Hyde*, 31 Cal. 342, 348, it is said: "A judgment absolutely void upon its face may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither the basis nor evidence of any right whatever." (See, also, *Pioneer Land Co.* v. *Maddux*, 109 Cal. 633 [50 Am. St. Rep. 67, 42 Pac. 295]; *Estate of Pusey*, 180 Cal. 368 [181 Pac. 648].)

In its judgment the lower court used this language: "It is ordered, adjudged and decreed that the said award and the entry thereof as a judgment in judgment-book 572, at page 12, records of the above court, be set aside, held for naught and expunged from the records in the above-entitled matter, and that all proceedings thereon be perpetually stayed." Appellant contends that in any event the *award* should not be set aside but only its entry and the judgment based thereon. Since the award is not binding upon the parties either as a statutory or common-law award, the error, if any, is harmless.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.