[Civ. No. 23987.   Second Dist., Div. Three.   Aug. 5, 1960.]

GEORGE RUSNAK, Appellant, v. GENERAL CONTROLS COMPANY (a Corporation), Respondent.

Rose, Klein & Marias and Alfred M. Klein for Appellant.

Doyle & Clecak, William P. Clecak and Edmond C. Ward for Respondent.

SHINN, P. J.—This is an appeal by George Rusnak on behalf of Precision Lodge Number 1600 of the International Association of Machinists and nine of its members from an

*Assigned by Chairman of Judicial Council.

order confirming an arbitration award and denying a petition to have the award vacated.

Pursuant to a collective bargaining agreement between the union and General Controls Company, a grievance of the nine union members was referred to an impartial arbiter chosen by the parties. Article XVIII, section D of the agreement provided: ''The arbiter shall render a decision or award within ten days from the date of the conclusion of the hearings . . .'' exclusive of Saturdays, Sundays and holidays. The hearing terminated August 16, 1958; August 26th, the arbiter dated and signed an award in favor of the company; the award had not been acknowledged, as required by section 1287 of the Code of Civil Procedure; a copy was mailed to Rusnak on September 5th and received by him the following day; Rusnak returned the award to the arbiter for acknowledgment; the award was acknowledged on September 19th and mailed to Rusnak, who received it on the 22nd. On behalf of the union and the nine members Rusnak petitioned the court to vacate the award; the company filed a petition for confirmation.

It is settled that the provisions of an agreement requiring the arbiter to render an award within a specified period are mandatory and jurisdictional and that an award rendered after the time has expired is a nullity and must be vacated by the court upon proper application. (*Ryan* v. *Dougherty,* 30 Cal. 218; *In re Abrams & Brennan,* 2 Cal. App. 237 [84 P. 363]; *Matter of Silliman,* 159 Cal. 155 [113 P. 135]; *Willis Finance & Const. Co.* v. *Porter,* 88 Cal.App. 523 [263 P. 842].)

The award in favor of the company was signed by the arbiter within ten days but the parties were not notified of it until after the time provided by the agreement had expired. Our question is whether the award was timely rendered within the meaning of the agreement. We hold it was not.

The sole duty of the arbiter was to ''render a decision or award.'' Necessarily the rendering of the award must be the final act of the arbiter, leaving nothing more to be done to make it effective and complete as to the arbiter and the parties. There is no provision in the California arbitration statutes (Code Civ. Proc., § 1280 et seq.) or in the agreement of the parties for filing the award with the court or with an arbitration association, as there was in *T. W. Poe & Sons, Inc.* v. *University of North Carolina,* 248 N.C. 617 [104 S.E.2d 189], where it was held that the award was rendered when

it was filed with the Commercial Arbitration Tribunal of the American Arbitration Association in accordance with the rules under which the arbitration was conducted.

The question is whether the arbiter had completed his duties, that is to say, rendered an award, until he had given notice of it to the parties. It is clear to us that the signed and unacknowledged document was a nullity as long as the contents of it, and even the fact that it existed, were unknown to the parties. One who is called upon to render a decision has not done so when he has merely made up his mind what the decision should be. And placing his thoughts on paper adds nothing so long as they are kept secret from the parties. Thoughts may be discarded at will and we are not aware of any situation in which mere thinking can have the effect of a decision. Even in court proceedings announcement of decisions of judgments are not final. At any time before they are entered the court may withdraw its announcement. And even if findings and conclusions have been signed they may be altered as the court may see fit at any time before judgment is entered. (Code Civ. Proc., § 664; *Phillips* v. *Phillips,* 41 Cal.2d 869, 873-874 [264 P.2d 926], and cases cited.)

It may be that under a special arbitration agreement the parties would intend that a mere oral announcement of a decision would be sufficient as performance of a duty to decide, but this is not such a situation. The arbiter was to render his decision and acknowledge it. We do not consider whether acknowledgment would be a sufficient publication of an award to place it beyond alteration or recall. Here there was no acknowledgment within the jurisdictional time. The fact that acknowledgment is required by statute plainly indicates that to give validity to the award the arbiter must not only sign it but he must also place it out of his power to recall it or alter it.

We think it is too clear to require further discussion that a decision in writing although signed by the arbiter was not "rendered" so long as it was retained by him without notification to the parties or either of them of its contents.

The order is reversed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied August 22, 1960.