[Civ. No. 24051.   Second Dist., Div. Three.   Aug. 5, 1960.]

GENERAL METALS CORPORATION (a Corporation) et al., Respondents, v. PRECISION LODGE 1600 OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS (an Unincorporated Association) et al., Appellants.

Rose, Klein & Marias and Alfred M. Klein for Appellants.

Sheppard, Mullin, Richter & Hampton for Respondents.

SHINN, P. J.—This is an appeal by Precision Lodge 1600 of the International Association of Machinists, and Fred J. Goodman from an order vacating the award of an arbitrator and denying a petition for confirmation of the award.

Pursuant to a collective bargaining agreement between the Union and General Metals Corporation, the grievance of an employe named Goodman was referred to an impartial arbitrator selected by the parties. Article VII, section 2 of the

agreement provided: "Said arbiter shall render his decision in writing not later than fifteen (15) days after he has taken the matter under submission." The arbitrator took the matter under submission on May 9, 1958 and rendered his decision in favor of Goodman on July 10th. The company petitioned the court to vacate the award and the Union petitioned to confirm it. (Code Civ. Proc., §§ 1287, 1288.) The court ordered the award annulled upon the ground that it had not been rendered within 15 days, as required by the arbitration agreement.

■ The decisive question presented on the appeal is whether the court correctly vacated the award because it was not rendered within the 15-day period. The question must be answered in the affirmative. ■ It has been the law of California since 1866 that when the time for making an award has been fixed by agreement of the parties, the arbitrator has no jurisdiction to make an award after the time has expired and the same must be vacated by the court upon proper application. (*Ryan* v. *Dougherty*, 30 Cal. 218; *In re Abrams & Brennan*, 2 Cal.App. 237 [84 P. 363]; *Matter of Silliman*, 159 Cal. 155 [113 P. 135]; *Willis Finance & Const. Co.* v. *Porter*, 88 Cal.App. 523 [263 P. 842].) This view is in accord with the weight of authority. (See cases collected in 154 A.L.R. 1392.)

■ Appellants frankly concede that the provision that the arbiter shall render his decision within 15 days is both mandatory and jurisdictional.

Appellants insist, however, that no harm resulted. Since the arbitrator was without jurisdiction to act on July 10th it is immaterial whether the company suffered prejudice by reason of the delay. The award was a nullity and it was properly set aside.

The order is affirmed.

Vallée, J., and Ford, J., concurred.