[L. A. No. 2911.  Department One.—June 13, 1912.]

## H. T. MELOY Appellant, v. IMPERIAL LAND COMPANY (a Corporation), Respondent.

ARBITRATION—STIPULATION FOR—RIGHT TO OFFER EVIDENCE—DENIAL OF RIGHT INVALIDATES AWARD.—The parties to a stipulation for a common-law arbitration have the right to introduce evidence in support of their claims; and to decide the matter in controversy before the evidence thereon, and the matter itself, have been submitted to the arbitrators for decision, is a denial of such right, and a defense to an action based on the attempted award of the arbitrators.

ID.—FINDING THAT MATTER HAD NOT BEEN SUBMITTED—CONFLICT OF EVIDENCE.—A finding in an action on such an award that the matter had never been submitted to the arbitrators will not be disturbed on appeal, when the evidence on that issue is conflicting.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodgett, for Appellant.

Valentine & Newby, for Respondent.

SLOSS, J.—A controversy having arisen between the co-partnership of Miller and Meloy (under whom plaintiff claims as assignee) and the defendant Imperial Land Company, an agreement was entered into for the submission of such controversy to arbitration. This action was instituted

to recover the sums of $767.50 and $2,667.50, alleged to have been found by the arbitrators to be due from the defendant. A second count, based on the same cause of action embodied in the arbitration, was dismissed upon motion of the plaintiff.

The agreement for arbitration did not comply with the terms of section 1283 of the Code of Civil Procedure. It was valid, however, as a stipulation for a common-law arbitration. (*Kreiss* v. *Hotaling,* 96 Cal. 617, [31 Pac. 740].) It provided that E. A. Meserve, Ben S. Hunter, and W. H. Anderson should have the right and power "to take such evidence as they may deem necessary or advisable pertaining to the question herein involved, and to render a statement of the amount of money due to the parties to this agreement from each other." The parties agreed to pay "such sums of money as may be found to be due one from the other within thirty days from receipt of a statement signed by a majority of the above-named abritrators showing said amount." It was further agreed "that the hearing of evidence under this agreement to arbitrate shall take place at 9:30 A. M. on March 23, 1909, at the office of W. H. Anderson."

The complaint alleges that all the parties met at the stipulated time and place, that evidence was introduced on behalf of plaintiff and defendant, "and the matter was then submitted to the arbitrators for their consideration and decision." It is alleged that on May 3, 1909, a majority of the arbitrators, to wit: Hunter and Anderson, found to be due from defendant to plaintiff the sums demanded in the complaint; that a written statement, showing such amounts to be due, signed by said arbitrators, was delivered to defendant, but the latter, although more than thirty days have elapsed, refuses to pay any part of said sums.

The defendant denied, among other things, that the matter referred to in the agreement was submitted to the arbitrators for their consideration or decision on the twenty-third day of March, 1909, or at any other time. The findings of the court include one in favor of this denial, and judgment went for the defendant.

Plaintiff appeals from the judgment and from the order denying his motion for a new trial.

The finding that the matter in controversy was never sub-
mitted to the arbitrators for decision, in and of itself necessi-
tated a judgment in favor of the defendant. This is, in
effect, conceded by the appellant. The parties to an arbitra-
tion have a right to introduce evidence in support of their
claims (3 Cyc. 644.) To decide a matter before the evidence
thereon, and the matter itself, have been submitted to the
arbitrators for decision, is a plain denial of this right. If,
then, the finding under discussion is sustained by the evi-
dence, it is unnecessary to consider whether other findings are
fairly open to attack.

On the issue of the submission of the matter to the arbitra-
tors, the evidence is conflicting, and the finding of the court
below cannot be set aside on appeal. No doubt Mr. Hunter
and Mr. Anderson, in attempting to make an award, were
acting in the *bona fide* belief that the question in dispute had
been submitted to them and their associate. But Mr. Me-
serve, the third arbitrator, took a contrary view, and his tes-
timony was such as to justify the court in finding that his
understanding of the situation was the correct one. Mr.
Hunter was the attorney for plaintiff, while Mr. Meserve rep-
resented the defendant. Mr. Meserve testified that a hearing
before the three arbitrators took place on March 23, 1909, as
agreed. Each party offered testimony. Mr. Anderson, who
was presiding, "asked if that was all." Mr. Hunter an-
swered in the affirmative. Mr. Meserve also said "Yes,"
but immediately thereafter, upon the suggestion of an officer
of the defendant, said to Mr. Anderson that the defendant
desired an opportunity to offer in evidence certain letters
material to its case. He asked if there would be any objec-
tion to getting this correspondence together. Mr. Anderson
said that he could see no objection, and somebody (presum-
ably on behalf of plaintiff) said, "if the defendant offers
more evidence, we are going to offer more evidence." The
meeting then broke up, and no time for reconvening was ever
fixed, nor did the three arbitrators meet again, or give the
defendant notice of a time at which it could offer any further
evidence. This version was supported by another witness.
While the recollection of other persons present did not agree
with that of Mr. Meserve, we have the ordinary case of a
conflict of testimony which we must, in accordance with long-

established rules, regard as conclusively settled by the finding of the trial court.

The appellant's only points being those based on the alleged insufficiency of evidence, the conclusions above stated dispose of the appeal from the order denying a new trial. The appeal from the judgment cannot be considered, as it was taken more than seven months after the entry of the judgment.

The appeal from the judgment is dismissed. The order denying the motion for new trial is affirmed.

Shaw, J., and Angelotti, J., concurred.