[S. F. No. 10854. In Bank.—June 1, 1926.]

ELEANOR L. CHRISTENSON, as Executrix, etc., et al., Respondents, v. CUDAHY PACKING COMPANY, Appellant.

[1] PLEADING—AMENDMENT TO CONFORM TO PROOF—LACK OF ERROR. Where, during the trial of a case, after the admission of certain evidence, a party asked leave to amend his pleading to conform thereto, but the evidence was thereafter stricken out, leaving no evidence upon which to base the amendment, there was no error in denying leave to amend.

[2] ARBITRATION—SUBMISSION OF WRITTEN STATEMENT OF FACTS AND ARGUMENT—FAILURE TO SERVE STATEMENT ON OPPOSITE PARTY—INVALID AWARD.—Where the parties to a dispute growing out of a contract of sale made a written request of an association for the submission of the dispute to arbitration by the association, the rules of which association provided for the parties to submit written statements of fact, in lieu of oral evidence, together with written arguments thereon, and it was provided further that the chairman of the association should submit a copy of the statement of fact to the respective parties to the arbitration, and that each should have the right to reply thereto, the failure to submit such statement of fact to the opposing party and give him an opportunity to reply rendered an award void; and the fact that the chairman of the association, who was not a member of the board of arbitrators, mailed a copy of the statement to the party after the award and stated that the latter was at liberty to file a supplemental statement, did not cure the error.

[3] ID.—AGREEMENT TO ARBITRATE—JURISDICTION.—By an agreement to submit a matter to arbitration jurisdiction is conferred upon the arbitrators to make an award, but under such an agreement, which provides for a common-law arbitration, an award is futile and of no binding effect upon the parties thereto unless there has been a substantial compliance with the terms of the agreement of submission.

[4] ID.—APPOINTMENT OF ARBITRATORS—AUTHORITY.—Where parties to a controversy enter into written requests to a voluntary association of firms and corporations for an arbitration of their matter by the association under its rules, and agree to abide by the award and findings of the arbitrators, a party to the arbitration cannot after an award has been made maintain that the chairman

1. See 21 Cal. Jur. 207; 21 R. C. L. 579.
2. See 3 Cal. Jur. 62; 2 R. C. L. 379.
3. See 3 Cal. Jur. 60; 2 R. C. L. 377.

of the association had no authority to appoint the arbitrators, although the rules and by-laws of the association did not give him express authority to appoint the arbitrators.

[5] ID.—APPEAL FROM AWARD.—The contention that the party dissatisfied with the award in such a case has only the remedy of an appeal from the award, because the rules of the association provide for an appeal, cannot be maintained where the by-laws and rules of the association do not provide the machinery for such an appeal, no person is designated to appoint the board, and the by-laws fail to specify the number constituting the board, or the time or manner of taking the appeal, or the power or duty of the board upon the appeal.

(1) 31 Cyc., p. 450, n. 72.    (2) 23 C. J.. p. 268, n. 44.    (3) 5 C. J., p. 124, n. 83.    (4) 23 C. J., p. 268, n. 49.    (5) 23 C. J., p. 268, n. 44.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Preston & Duncan and Casper A. Ornbaun for Appellant.

Thomas, Beedy & Presley and J. W. Paramore for Respondents.

CURTIS, J.—This action was instituted for the purpose of enforcing two common-law arbitration awards. The facts which form the basis of this controversy grew out of two contracts for the sale and delivery of eleven railroad tank-cars of soya bean oil. The contracts were identical in form except as to the date and number of cars of oil. One of them bore date May 21, 1920, and was for six cars of oil, and the other bore date May 25, 1920, and was for five cars of oil. The contracts were entered into by the defendant, the appellant herein, with the firm of Christenson, Hanify & Weatherwax. Since the commencement of this action two of the original plaintiffs have died and the executrix and executor of their respective wills have been substituted in place of the deceased plaintiffs. There is no controversy over eight of said cars, as they were received by the buyer, the appellant, and paid for according to the contracts. The dispute between the parties concerns the

remaining three cars of oil. These cars the buyer refused
to accept, claiming that they were not delivered according
to contract. They were afterward sold by the original
sellers, Christenson, Hanify & Weatherwax, at public sale,
and it is now sought by this action and the arbitration pro-
ceedings in which said awards were rendered, to recover
damages for the buyer's failure to accept and pay for said
three cars according to the contracts. The amount which
they seek to recover is the difference between the contract
price and the amount for which the sellers subsequently
sold said cars at public sale. Of the three cars in dispute
two were covered by, and were a part of, the six-car order
of date May 21, 1920, and the other car was a part of
the five-car order covered by the later contract of May 25,
1920. Each of these contracts contained the following pro-
vision: "This contract is subject to published rules of the
Foreign Commerce Association of the Pacific Coast adopted
and now in force as same may apply to the commodity
herein covered, and which are hereby made a part of this
contract, except in so far as these rules may be abrogated
by specific conditions written into this contract." The
rules of the Foreign Commerce Association of the Pacific
Coast, which association we will hereafter refer to as the
Commerce Association, provided for a plan of arbitration
as a means of settling disputes arising between its members
or arising between any of its members and others who
might agree to submit their differences to arbitration ac-
cording to said rules. We gain from the record that the
sellers were members of the association but the buyer was
not. This fact, however, is not in any way material to
any of the issues arising herein. The rules provided that
in case the parties to any controversy decided to arbitrate
their differences according to the plan of arbitration of said
association, it was necessary for each of said parties to sign
a written request for arbitration. In this writing the par-
ties signing the same requested that arbitration be held
before the Commerce Association and under the rules of
said association of the matter in dispute, and agreed to
abide by the award and findings of the arbitrators. Shortly
after the controversy between the parties hereto arose over
the delivery and acceptances of said two cars of oil covered
by the contract of May 21, 1920, the buyer requested that

arbitration of said matter be held before said Commerce Association by signing a written request as provided by said rules. The sellers also signed a written request, similar in form, and the controversy was submitted to three arbitrators appointed by the chairman of said Commerce Association, who rendered an award in favor of the sellers. Rules 105 and 106 prescribed the procedure to be followed by the litigants in presenting their respective claims before the board of arbitration and are as follows:

"Rule 105: Written statements of fact, together with written arguments thereon, must be presented in duplicate to the Foreign Commerce Association of the Pacific Coast, which shall be submitted in their entirety to the arbitrators, but no oral evidence shall be given unless requested by the arbitrators.

"Rule 106: *Immediately upon receipt thereof, the Chairman of the Association shall submit a copy of the statement of fact to the respective parties to the arbitration, and each shall have the right to reply thereto,* but if no such answer is made by either party within a reasonable time, it shall be considered a waiver of the right of answer. Provided, there shall be no interchange by the Chairman of any exhibits submitted in connection with any statement of fact."

After the appointment of the arbitrators in the matter of the dispute regarding the two cars of oil, each of the parties to said controversy presented to said arbitrators their written statements of fact, together with written arguments thereon in duplicate, as provided by Rule 105. No copy of the statement of fact presented by the sellers, however, was ever submitted to the buyer as prescribed by Rule 106, and no reply thereto was made by said buyer, and no opportunity was given said buyer to make any reply to the statement of fact of the sellers prior to the rendition of said award; and without submitting to the buyer the written statement of the sellers and without any reply thereto by the buyer, the board of arbitration rendered its award against the buyer. It appears that it was an oversight on the part of the arbitrators in not sending to the buyer a copy of the sellers' statement of fact, and upon being advised that the buyer had not received said copy the chairman of the Commerce Association mailed a copy of said statement to the buyer, and wrote the latter that if it should find any-

thing in said statement which it felt should be answered, it was at liberty to file a supplemental statement for the arbitrators' consideration. The buyer refused to take any further action in the matter and the award was allowed to stand by the arbitrators.

Regarding the third car of oil in dispute and being the one covered by contract of date May 25, 1920, it appears that each party signed a written request for the submission of the dispute to arbitration before the Commerce Association as provided by the rules thereof. Three persons appointed by the acting chairman of the association served as the board of arbitration and conducted the arbitration of the matter submitted to them in all respects as provided by the rules of the association. The award in this matter was also in favor of the sellers and against the buyer. The buyer refused to acknowledge either of these awards and this action was instituted to enforce the same and to collect the amounts claimed to be due thereon. The case was tried by a jury and after the conclusion of the evidence, upon the motion of the plaintiffs, the court instructed the jury to render a verdict in favor of plaintiffs for the sum of $3,881.70 upon the award rendered in the two-car controversy and for the sum of $2,496.20 upon the award rendered in the other controversy. The jury acted upon this instruction and upon their verdict judgment was rendered against the buyer, the defendant herein, for these several amounts, from which it has appealed.

[1] The first contention of appellant is that the court erred in denying its motion for leave to amend its answer to conform to the "proof" made during the trial. By this amendment appellant sought to set forth by way of answer that the sellers had never signed any agreement to submit to arbitration the controversy involving the two cars of oil. Just previous to the making of this motion there had been received in evidence and read into the record a certain request or agreement to submit to arbitration, signed by the sellers, but which it is claimed mentioned only one of said cars. Appellant objected to this evidence and after the same had been received and the document read into the record, renewed its objection thereto. Whereupon the plaintiffs withdrew their offer and the court struck out the evidence

198 Cal.—44

and instructed the jury to disregard the same. This was the only "proof" tending to support the allegations of appellant's proposed amendment to its answer. It is apparent that there was no evidence before the court upon which appellant could ground its motion to amend, and there was therefore no abuse of discretion on the part of the court in denying the same.

[2] Appellant further contends that the court erred in admitting in evidence the award of the arbitrators relating to the two-car controversy. As recited before, the record shows that after the parties had signed the written request provided for by the rules of the Commerce Association for the submission of this dispute to arbitration, each of said parties, in pursuance of Rule 105, presented to the said association written statements of fact together with written argument in support of their respective claims; thereafter the arbitrators submitted a copy of the statement of fact presented by appellant to the sellers, the predecessor of the respondents herein, and said sellers in due time filed their reply thereto in accordance with said Rule 106. Before any copy of the statement of fact presented by the sellers had been submitted to appellant and without any opportunity being given appellant to make any reply thereto, the arbitrators made their award in favor of the sellers. On learning of this action of the arbitrators the appellant refused to take any further part in the proceeding. The chairman of the Commerce Association after the award had been made wrote appellant that it was an oversight that a copy of the required papers had not been sent and inclosed sellers' statement of fact and stated that "if you find anything therein that you feel should have been answered prior to arbitration you are at liberty to file a supplemental statement for the arbitrators' consideration." This offer was not accepted by appellant and the award as originally made by the arbitrators was allowed to stand and is the one which respondents now seek to enforce against appellant. That this award was not made in accordance with the agreement of the parties submitting the controversy to arbitration must be apparent from the provisions of Rules 105 and 106, of the Commerce Association. These rules provide that in place of oral evidence the parties shall

present written statements of fact to the association and that upon receipt of these statements the chairman shall submit a copy of the same to the respective parties and each shall have a right to reply thereto. As before observed, no copy of the statement of fact presented by the sellers was ever submitted to appellant and no opportunity was given appellant to make any reply to said statement before the award was made by the arbitrators. The statement of fact and reply thereto provided for by the above rules of the association were to be received and considered by the arbitrators in place of oral evidence of the parties. In fact these statements and replies were the only means offered by said rules whereby the parties might present the facts of their respective claims before the board of arbitrators. To deprive either of the parties of this right would be to deny to such a party his right to present his case, or to make his defense, as the case might be, and for the arbitrators to make an award before either party had been given the opportunity to present his statement and reply would be to decide the matter before such party had an opportunity to submit his evidence in support of said cause. In *Meloy* v. *Imperial Land Co.*, 163 Cal. 99, 101 [124 Pac. 712], it was held that: "The parties to an arbitration have a right to introduce evidence in support of their claims. To decide a matter before the evidence thereon, and the matter itself, have been submitted to the arbitrators for decision, is a plain denial of this right." We do not think that the failure of the arbitrators to permit appellant to be heard in reply to the sellers' statement of fact can be regarded as a mere irregularity and therefore disregarded. "The want of an opportunity to be heard goes directly to the authority of the arbitrators to make an award." (2 Ruling Case Law, p. 379.) "Where the submission directs that certain requisites shall be complied with by the arbitrators in making their award, they must follow such directions strictly, or the award will be invalid." (2 Am. & Eng. Ency. of Law, 2d ed., p. 720; 5 Corpus Juris, p. 119; *Ryan* v. *Dougherty*, 30 Cal. 219; *In re Abrams and Brennan*, 2 Cal. App. 237 [84 Pac. 363].) We are unable to see that the offer in the letter of the chairman of the Commerce Association to appellant to

permit appellant to file a supplemental statement of fact, after the award had been made, for the consideration of the arbitrators can help out or validate the award thus illegally made. The chairman of the association was not a member of the board of arbitrators and, assuming that he had the authority to appoint the members of said board, a question we will later discuss, his authority as to the arbitration ceased with their appointment and any action taken by him thereafter would not be binding on the arbitrators. We are not convinced that had this offer come direct from the board of arbitrators that its effect would have been any different unless they had followed this offer by setting aside the award rendered and giving appellant an opportunity to reply. Had this course been pursued by the board of arbitrators, a different question would be presented. But even if this procedure had been followed, the arbitration not having been made in accordance with the provisions of the code, and being simply a common-law arbitration, the appellant could have revoked the submission thereof and refused further to participate in this proceeding (Code Civ. Proc., sec. 1285; *Sidlinger* v. *Kerkow,* 82 Cal. 42 [23 Pac. 932]). In holding the award invalid we do not necessarily find that the board of arbitrators had no jurisdiction to render an award. **[3]** By the agreement of submission signed by the parties jurisdiction was conferred upon the arbitrators to make an award, but an award is futile and of no binding effect upon the parties thereto unless there has been a substantial compliance with the terms of the agreement of submission (2 Ruling Case Law, p. 377, sec. 24; *Curtis* v. *Sacramento,* 64 Cal. 102, 104 [28 Pac. 108]; *Meloy* v. *Imperial Land Co., supra*). Our conclusion, therefore, is that the award rendered by the arbitrators in the controversy involving the sale and delivery of the two cars of oil covered by the contract of May 21, 1920, was invalid and was not binding upon the appellant and its admission in evidence was, therefore, erroneous and prejudicial to appellant's rights. This conclusion, however, does not affect the award as to the one car covered by the contract of May 25, 1920. This latter award is valid and binding upon the parties thereto unless the contention to be next considered is well taken.

[4] This contention, made by appellant, is that both awards are absolutely void on account of a serious defect in the proceedings appointing the arbitrators. This defect, appellant asserts, is the absolute want of authority in the chairman of the Foreign Commerce Association, or the chairman *pro tem.*, or acting chairman of the said association, to appoint the arbitrators who composed the board rendering said awards. It appears to be conceded that the arbitrators of the two-car controversy were appointed by the chairman of said association and that the arbitrators in the other controversy were appointed by the acting chairman of said association. The evidence shows that H. Arthur Dunn was appointed acting chairman and that in the absence of the chairman he was vested with all the powers of the chairman during such absence and that while the regular chairman was absent he appointed the arbitrators in the one-car controversy. By reference to the request for arbitration, signed by the parties and heretofore mentioned, it will be observed that the parties agreed that the arbitration be held before the Foreign Commerce Association and under its rules. From the record before us it appears that this association was a voluntary association of firms and corporations engaged in Pacific Coast foreign commerce. It adopted a set of by-laws and also a set of general rules. The by-laws provided that there shall be but one officer of said association, a legal adviser, who shall act as chairman and who is made the sole executive of the association and given broad powers, including the appointment of the various committees provided for in said by-laws and the general conduct of the affairs of the association. No direct authority is given the chairman to appoint arbitrators when an arbitration is called for under the rules of the association. Neither is it made the duty of any of the various committees provided for by the by-laws to appoint arbitrators, nor have any of said committees any duty to perform in relation to any arbitration matter coming before said association. Unless the chairman had such authority there is no power in the association to appoint arbitrators. No arbitration could, therefore, be held before said association. The parties requested that such an arbitration be held. This request, it is conceded, amounted in

effect to an agreement for arbitration. It must have been made with full knowledge of the by-laws and rules of the association. If so, the appellant knew at the time it made said request that there was no officer or authority directly authorized to appoint arbitrators, but that the chairman of the association was its only officer and as such had the general direction of the affairs and the responsibility of carrying out the objects and purposes of the organization. With such knowledge on its part the only reasonable inference it could have drawn therefrom at the time it requested that an arbitration be held before said association and according to its rules was that the arbitrators to act thereunder were to be appointed by its chairman. To hold otherwise would be to hold that appellant performed the idle act of requesting that the matter in dispute be settled by arbitration before the association, knowing at the time that there was no power in the association to appoint arbitrators, and, therefore, that no arbitration could be held. In our opinion appellant was bound by its agreement to accept the arbitrators appointed. Any other conclusion would not only render all the provisions of the by-laws and rules of the association providing for the settlement of a dispute by arbitration inoperative and ineffectual, but it would nullify the agreement entered into by the appellant itself. Respondents advance the claim that the chairman of said association under the power given him to appoint all committees has the power to appoint boards of arbitrators. But whether we hold that the chairman under his general powers or under the by-laws authorizing him to appoint all committees has authority to appoint the arbitrators is not material. In either case the appointment would be valid and their acts, in so far as they were within the terms of the agreement of the parties, would be legal and binding upon the parties thereto. We conclude, therefore, that the award as to the one-car arbitration was legal and the appellant is liable for the amount of the judgment based thereon.

[5] It is insisted by respondents that as the rules of the association provide for an appeal from an award, the remedy of the appellant, if dissatisfied with the award of the arbitrators, was by appeal to the board of appeal provided for by

the rules of the Commerce Association. A sufficient answer to this contention is that the machinery for such an appeal is entirely lacking in the by-laws and rules of the association. Not only is there no rule or by-laws designating who shall appoint said board, but the rules and by-laws are silent in so far as our attention has been directed thereto, upon a number of essential requirements for such an appeal, including the number constituting said board, the time and manner of taking the appeal and the power or duty of the board upon appeal.

There were other points discussed by the parties in their respective briefs on appeal, but the claims involved thereunder appear to have been abandoned subsequently, and upon the rehearing the arguments of counsel have been directed in the main to the consideration of the subjects discussed herein.

The judgment is reversed as to the award against appellant amounting to the sum of $3,881.70, and is affirmed as to the award amounting to $2,496.20 rendered against said appellant, appellant to recover costs.

Seawell, J., Richards, J., Waste, C. J., Cashin, J., *pro tem.,* and Lennon, J., concurred.

Rehearing denied.